COMMONWEALTH *vs.* RONALD N. DOTTIN.

Suffolk. October 2, 1967. — January 3, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Search and Seizure. "Threshold" Police Inquiry. Arrest. Breaking and Entering. Larceny.*

Where a police officer, who had been informed officially by his superiors of numerous housebreaks in the area and of the use of taxicabs to carry away stolen property, observed a taxicab leaving the curb on a street with a television set on the front seat and three passengers, one of whom was known to him as a housebreaker, it was proper for the officer to stop the taxicab, to inquire of the passengers as to their identity and the ownership of the television set and a radio then observed in the taxicab, to order the passengers out of the taxicab for his own protection, and, upon their running away, to chase them and arrest one of them whom he was able to apprehend. [441–442]

Evidence warranted conviction of a defendant of breaking and entering an apartment in the daytime with intent to commit a felony and of larceny therein of certain articles found in his possession immediately thereafter. [442]

COMPLAINT received and sworn to in the Municipal Court of the Roxbury District on October 28, 1966.

---

Upon appeal to the Superior Court a motion to suppress was heard by *Rose*, J., and the case was tried before him without jury.

*S. Myron Klarfeld* for the defendant.

*Robert Snider*, Assistant District Attorney, for the Commonwealth.

WILKINS, C.J.   Upon appeal from a District Court, a judge of the Superior Court, in a trial made subject to G. L. c. 278, §§ 33A–33G, found the defendant guilty of breaking and entering a building in the daytime with intent to commit a felony and stealing therein.   The defendant appealed.   The assignments of error are to rulings on evidence and to the denial of a motion to suppress as evidence all statements made by the defendant to the police both before and after his arrest and all articles recovered by the police incident to the arrest.

At the hearing of the motion to suppress the only witness was Haskell O. Kennedy, for eighteen years a police officer in the Roxbury District of Boston, who was called by the defendant.   On October 27, 1966, about 12:30 P.M. he was on duty on Circuit Street.   He observed a cab pulling away from the curb.   There was a television set on the front seat, and three men on the rear seat.   One of them was Louis Horner, whom he had arrested for house breaks two or three times.   The officer had been informed at roll calls by the captain and lieutenant that there had been a large number of house breaks in the area and that cabs were used to take away stolen articles.   He stopped the cab to inquire the ownership of the television set and observed a radio on the floor of the back of the cab.   He had no warrant and no information that there had been a break.

Officer Kennedy asked the men in the rear seat of the cab who owned the television set, and all answered in unison that they did.   When he asked for identification, they started to go through their pockets.   As the officer was alone and did not know whether the men had weapons, he asked them to get out of the taxicab so that he might

better protect himself while ascertaining both the ownership of the television set and the identity of the men.

All three got out and started to run. The officer chased them, apprehended the defendant, and brought him back to the cab where he was put on the rear seat. The officer told the defendant he was under arrest for larceny from an unknown person and advised him of his rights. While the officer was waiting for assistance, a woman (whose name was later known to be Mrs. Mabel Anthony) called from the doorway of 30 Circuit Street that someone had just broken into her sister's apartment.

After the judge denied the motion, the case proceeded on the merits. It was agreed that the cabdriver would testify that some 100 yards from 30 Circuit Street he picked up a fare who directed him to 30 Circuit Street where two men, one carrying a television set and another, the defendant, carrying a radio, got into the cab, and that just as he was leaving he was stopped by Officer Kennedy.

It was stipulated that the articles in the taxicab came from the apartment of Emma Bohannon, who lived on the first floor at 30 Circuit Street.

Mabel Anthony, a witness for the Commonwealth, testified that she lived on the third floor of 30 Circuit Street and that her sister-in-law, Emma Bohannon, lived on the first floor. When she went downstairs to her sister-in-law's apartment around 12:30 P.M. on October 27, 1966, the door to the apartment was broken, and the television set was gone. She ran to the door and called to the policeman that someone had broken into her sister's apartment. After the police officer looked over the apartment, she went out to the cab and saw her sister's radio in the back seat and her television set in the front seat.

Upon the information the police officer had and what he observed there was ample basis for his stopping the cab. His official information acquired from his superiors at frequent roll call formations was that the Roxbury District was plagued by housebreaks and that the practice was to carry away the loot in cabs. This was not something

for him to reject as hearsay.  He saw the television set on the front seat, and one of the three men in back was well known to him as a housebreaker.  Stopping the cab was the only proper course for him to take in discharge of his duty to protect the area to which he was assigned.  See *Commonwealth* v. *Lawton*, 348 Mass. 129, 132–133.  After the cab was stopped, the reasonable course was to identify the men whose general attitude was uncoöperative.  They united in an incredible reply as to ownership of the television set.  It was reasonable to order them out of the cab.  Since they were placing their hands in their pockets, the officer did not have to await the production of a gun to ascertain whether they were armed.

The testimony at the trial on the merits including the admission by resort to flight was strong proof of guilt.  The testimony, repeated from the hearing of the motion, and that of the cabdriver and Mrs. Anthony were proof beyond reasonable doubt that the defendant was in possession of goods recently stolen, and would warrant a finding of breaking and entering and larceny.  *Commonwealth* v. *Wilbur*, *ante*, 376, 384.  The case falls well within the authority of *Commonwealth* v. *Lehan*, 347 Mass. 197, 204, *Commonwealth* v. *Roy*, 349 Mass. 224, 230, and *Commonwealth* v. *Ballou*, 350 Mass. 751, 756.

*Judgment affirmed.*