COMMONWEALTH *vs.* JOHN P. QUISH. June 19, 1969. At a trial without jury, Quish was convicted on three complaints charging him with receiving stolen goods. G. L. c. 266, § 60. His motion to suppress evidence and his request in each case for a ruling that he was not guilty as matter of law were

denied, subject to exception. The taproot question is whether there was probable cause for his arrest. At 6:15 A.M. on March 4, 1965, at Dudley Street, Roxbury, where no business establishments were then open, Officer Melanowski who was on cruiser patrol observed Quish and one Evans, both of whom he had known before, walking along the sidewalk. Earlier in the day Melanowski and another officer had talked about Evans and a "break" two weeks before. Quish was carrying a carton from the top of which a typewriter protruded. Melanowski got out of his car and spoke to Quish who put down the carton. All articles in it were clearly visible: typewriter, radio, clock, adding machine, dictaphone, and a book of trading stamps. Melanowski talked to the two men. Evans said he found the goods in a barrel. Quish said he found them in an alley behind a tavern. The two men were arrested. At the station house Quish was booked for "suspicion of receiving stolen goods." See *Commonwealth* v. *La Bossiere*, 347 Mass. 384, 386; *Commonwealth* v. *Lawton*, 348 Mass. 129. There was no error in denying the motion to suppress the goods as evidence. The observed circumstances and the officer's prior knowledge warranted initial inquiry. *Commonwealth* v. *Dottin*, 353 Mass. 439, 441–442, and cases cited. The explanation given by either man for the possession of the goods, if believed, reasonably justified the conclusion that he knew that such items so left had been freshly stolen and cached to be picked up. See *Commonwealth* v. *Matheson*, 328 Mass. 371, 374. If disbelieved, the incongruity of the circumstances justified the deduction by the officer that the goods had been unlawfully acquired by the possessors. In either event there was reason to believe that a felony had been committed and that Quish had participated in it. The arrest was lawful and so was the seizure of the goods. Nothing turns on G. L. c. 278, § 10. At the trial there was evidence that the goods were the product of three different breaks. Although the record does not show the date of the thefts, the judge could infer from the conglomerate nature of the goods and their condition, and the circumstances in which Quish was apprehended with the goods, that he knew the goods were stolen. This inference from circumstantial evidence does not require, as the defendant contends, proof that the goods were recently stolen. *Commonwealth* v. *Peopcik*, 251 Mass. 369, 371–372.

*Exceptions overruled.*

*Ronald J. Chisholm* (*Gerard F. Schaefer* with him) for the defendant.

*Newman A. Flanagan*, Assistant District Attorney (*Richard E. Rafferty*, Legal Assistant to the District Attorney, with him), for the Commonwealth.