COMMONWEALTH *vs.* JOSEPH MCGRATH. May 2, 1974. This case is here on the defendant's exception to the refusal of the Superior Court judge to allow a motion to suppress certain drugs. The defendant argues that there was no probable cause for the search and seizure which resulted in the discovery and seizure of the drugs by the police. There was error. The evidence was as follows. Policemen were on patrol in a cruiser when they noticed a group of twelve white, male teenagers in an open space with the defendant apparently as the center of attention. The officers then observed the group disperse when an on-foot patrolman entered the area. As the defendant and another youth started to walk by the cruiser, the officers "observed . . . [defendant] turning his back toward . . . [the patrolman on foot], make a motion to his waist and attempt to walk by the cruiser." One of the officers called out to the defendant whom he had known for a previous arrest for breaking and entering and for possession of LSD. The defendant responded, "I'm clean this time," and "spread his hands out." The officer patted down the defendant and found a marihuana cigarette in the defendant's dungaree jacket pocket and with further search he found a vial of amphetamines. The officer testified that

he could not determine whether it was a marihuana cigarette without removing it from the defendant's pocket. There was no evidence that the initial "pat-down" was made because of a fear of possible weapons. *Commonwealth* v. *Lehan*, 347 Mass. 197 (1964). *Commonwealth* v. *Hawkes*, 362 Mass. 786 (1973). *Ballou* v. *Commonwealth*, 403 F. 2d 982 (1st Cir. 1969), cert. den. sub nom. *Ballou* v. *Massachusetts*, 394 U. S. 909 (1969). The defendant's motion to suppress the marihuana and the amphetamines should have been allowed. *Terry* v. *Ohio*, 392 U. S. 1 (1968). See *Harris* v. *United States*, 310 F. 2d 934 (10th Cir. 1962), cert. den. 373 U. S. 903 (1963). The search was made without probable cause for search or arrest. It is true that a police officer does not require probable cause for a threshold inquiry. In this case the officer went beyond a mere "pat-down" and actually conducted a search. *Henry* v. *United States*, 361 U. S. 98 (1959). Moreover, in the circumstances of this case, we are not prepared to say that the defendant's conduct amounted to an invitation to search him. Waiver of constitutional rights must be unequivocal and specific. *United States* v. *Smith*, 308 F. 2d 657, 663 (2d Cir. 1962), cert. den. sub nom. *Smith* v. *United States*, 372 U. S. 906 (1963). Cf. *Manni* v. *United States*, 391 F. 2d 922 (1st Cir. 1968) cert. den. 393 U. S. 873 (1968).

*Exceptions sustained.*

The case was submitted on briefs.

*Malvine Nathanson* for the defendant.

*Imelda C. LaMountain*, Assistant District Attorney, & *Elizabeth C. Casey*, Assistant District Attorney, for the Commonwealth.