COMMONWEALTH *vs.* CHARLES N. KEANE. October 24, 1977. The specific facts — found by the trial judge on conflicting testimony at a voir dire — articulating with specificity (see *Commonwealth* v. *Silva,* 366 Mass. 402, 406 [1974]) the defendant's actions, which Officer McKenzie saw as the police arrived in response to a "trouble call," reasonably justified the officer in reaching for the front of the defendant's waist, where he found a gun. See *Commonwealth* v. *Dottin,* 353 Mass. 439, 442 (1968); *Commonwealth* v. *Hawkes,* 362 Mass. 786, 789 (1973); *Commonwealth* v. *Almeida,* 373 Mass. 266, 271-272 (1977); cf. *Commonwealth* v. *McGrath,* 365 Mass. 631 (1974); *Commonwealth* v. *Silva, supra* at 407. See generally *Terry* v. *Ohio,* 392 U. S. 1 (1968). There is no indication of "calculated harassment" (*Commonwealth* v. *Hawkes, supra* at 789) or that the action of the police officer was a pretext to look for other things such as narcotics rather than the result of a genuine apprehension that the defendant had a gun. See *Commonwealth* v. *Anderson,* 366 Mass. 394, 400-401 (1974); cf. *Commonwealth* v. *McGrath, supra* at 632; *Sibron* v. *New York,* 392 U. S. 40, 64-65 (1968). This case is distinguishable from *People* v. *LaPene,* 40 N.Y.2d 210, 221-226 (1976), relied on by the defendant, in which the police, who entered a barroom on the basis of a radio call that a person described in the call was in the barroom and armed, saw someone who answered that person's description but, unlike our case, saw nothing to corroborate the information that he had a gun. Cf. *Commonwealth* v. *Anderson, supra* at 399-401; *United States* v. *Hernandez,* 486 F. 2d 614 (7th Cir. 1973), cert. denied, 415 U. S. 959 (1974).

*Judgment affirmed.*

*John DeBartolo* (*Dyanne Klein Polatin* with him) for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.

DIRECTOR OF THE DIVISION OF EMPLOYEE RELATIONS *vs.* LOCAL 254, SEIU, AFL-CIO, & others. October 24, 1977. There is no merit to the arguments advanced by the defendants in support of their contention that the judgment vacating the arbitration award was erroneous. No useful purpose would be served in detailing the rulings of the judge, with which we are in essential agreement, as it is unlikely that a case similar to this will arise in the future.

*Judgment affirmed.*

The case was submitted on briefs.

*Michael J. Muse* for the plaintiff.

*Mark M. Grossman,* Special Assistant Attorney General, *& William R. Blane* for the defendants.