COMMONWEALTH *vs.* ERNEST JONES. November 13, 1978. 1. Based upon "specific and articulable" facts (see *Commonwealth* v. *Silva*, 366 Mass. 402, 406 [1974]) brought out in evidence presented at a pretrial hearing on the defendant's motion to suppress, Officer O'Toole, who was dressed in plainclothes, was justified in stopping the defendant, and, after identifying himself as a police officer, removing the defendant's hand from his right rear pocket, reaching into that pocket, and seizing a .22 caliber revolver from that pocket. See *Commonwealth* v. *Matthews*, 355 Mass. 378, 380 (1969); *Commonwealth* v. *Hawkes*, 362 Mass. 786, 789 (1973); *Commonwealth* v. *Almeida*, 373 Mass. 266, 271-272 (1977); *Commonwealth* v. *Keane*, 5 Mass. App. Ct. 881 (1977). See generally *Terry* v. *Ohio*, 392 U.S. 1 (1968). Where Officer O'Toole saw the defendant "looking all around," and standing next to a group of five or six males engaged in a sidewalk "mechanical dice" game, he could reasonably have believed that the defendant was the "enforcer or protector" stationed to protect the operator of the game against robbery or arrest, and might therefore be armed; and where the defendant, after the group had dispersed, walked briskly down the block in Officer O'Toole's direction with his right hand behind his back, while another officer, walking behind the defendant, pointed to the defendant's "hand or . . . back," Officer O'Toole could reasonably have believed that the defendant was armed and dangerous. The officer's action constituted a limited protective search for weapons and not a search for evidence. Contrast *Commonwealth* v. *McGrath*, 365 Mass. 631, 632 (1974); *Commonwealth* v. *Silva, supra* at 410. 2. The defendant's motion for a directed finding of not guilty (which we treat as a

request for a ruling that the evidence was not sufficient to warrant a conviction (*Commonwealth* v. *Budreau*, 372 Mass. 641, 642-643 [1977)]), on the ground that the Commonwealth failed to offer any evidence to prove that the defendant was not licensed to carry a firearm, was properly denied. General Laws c. 278, § 7, establishes a presumption that a defendant in a criminal prosecution is not so licensed until he proves that he is, and the constitutionality of that provision was upheld in *Commonwealth* v. *Jones*, 372 Mass. 403 (1977). 3. Errors assigned but not argued are deemed waived. Rule 1 : 13 of the Appeals Court, as amended effective February 27, 1975, 3 Mass. App. Ct. 801.

*Judgment affirmed.*

The case was submitted on briefs.
*Carol Gibson Smith* for the defendant.
*Garrett H. Byrne*, District Attorney, & *Mark Anastasi*, Special Assistant District Attorney, for the Commonwealth.