[Crim. No. 13198. Second Dist., Div. Four. Jan. 19, 1968]

THE PEOPLE, Plaintiff and Respondent, v. GERALD ENNIS MORRISON et al., Defendants and Appellants.

Donald F. Roeschke and Gilbert F. Nelson, under appointments by the Court of Appeal, and Joseph T. Vodney for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William S. James, Assistant Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendants appeal from several judgments rendered against them.

In case No. 320492 Morrison alone was charged with receiving stolen property (Pen. Code, § 496). After waiving a jury trial and submitting the case upon the transcript of the preliminary hearing, he was found guilty by the court. By separate informations consolidated for trial by stipulation, in case No. 315531-316182 Morrison and Wheeler were charged with burglary (Pen. Code, § 459). It was further stipulated that the cause would be submitted to the court upon the transcripts of defendants' separate preliminary hearings. They were found guilty of second degree burglary. Probation was denied in both cases and defendants were sentenced to concurrent prison terms. Wheeler at the time was on probation for two earlier offenses, in case Nos. 287041 and 289280. When the court sentenced him for the burglary offense his probation was revoked. The sentences were both ordered to run concurrently with the burglary sentence. Morrison filed a notice of appeal from the judgments in case No. 320492 and in No. 315531-316182. Wheeler appeals from the judgment in the

latter case and from the judgments entered after his probation was revoked in case Nos. 287041 and 289280.

Morrison challenges the sufficiency of the evidence to support his conviction of receiving stolen property (case No. 320492) and both defendants assert the evidence is insufficient to establish their guilt of burglary (case No. 315531-316182).

A short summary of the evidence presented in these two cases, viewed as it must be in the light most favorable to the People, follows:

### Case No. 320492 (Morrison)

A 1966 Ford Thunderbird convertible, bearing motor No. 6Y85Q130600 was stolen from a Hollywood automobile agency. When the car was recovered by the police in January 1966, it had been stripped. Among the items missing were the bucket seats. The manufacturer sometimes leaves a tag with the motor number of the car on the seats when installed. On March 9, 1966, at about 11 a.m., Officer Farmer stopped Morrison's car on South Vermont Avenue when he observed a seat protruding from the partly opened trunk of the vehicle. (There had been numerous reports of bucket seats being stolen from 1964 through 1966 model Thunderbirds and many had been recovered in this vicinity.) As the officer approached, defendant alighted from the car and proceeded to the rear where he immediately began to untie a wire holding the trunk lid. He stated, "I know why you stopped me." When the trunk was opened the officer observed the backrest portion of bucket seats of a newer model vehicle. He looked through a window of the car and observed the rear part of a bucket seat lying on the back seat. There was a piece of paper protruding from it. On the paper was the motor number 6Y85Q130600. Defendant was arrested after a check confirmed that the number belonged to a 1966 Thunderbird automobile which had had its seats stolen. After being advised of his constitutional rights defendant told the officer he had purchased the seats about a month before but that a friend had been keeping them for him. When asked how much he paid for the seats, defendant said $30. Upon then being asked whether he thought they were stolen, he said, "For $30, it is possible."

### Case No. 315531-316182 (Morrison and Wheeler)

Sometime during the night of December 7-8, 1965, a hole about 18 inches in diameter was made in the back wall of Hackett's Men's Clothing Store, located on California Street in Pasadena, and about $4,000 worth of merchandise was

stolen. Mrs. Foote worked at a restaurant next door to Hackett's. She arrived at work at about 3:45 a.m. on December 8, 1965. About half an hour later she heard odd sounds coming from outside. She then heard what sounded like a tool being dropped. She walked outside with another employee. At the back of the alley separating the restaurant from Hackett's she saw a panel truck parked. There were two men doing something around the truck. Thinking they were workmen, she went back into the restaurant. About five minutes later she went outside again. The panel truck was gone. However, there was someone on the sidewalk in front of the building. He told her to mind her own business and to go back inside the restaurant. At this time she also heard a voice coming from a row of bushes alongside the alley. The voice said "There is two of them." She went in and called the police. They arrived a few minutes later.

Police Officers Martin and Garcia were both called to Hackett's to investigate a burglary report. Martin arrived at about 4:30 a.m.; Garcia at about 5 a.m. The latter observed the hole in the back of the store. He stumbled on several bundles of clothing near the hole. He was looking in the bushes along the driveway next to the building when he came upon Morrison. He found Morrison crouched in the bushes. Morrison was arrested and advised of his constitutional rights. On the way to the station the officer asked him "how it was that they left him behind." He answered "You take a chance when you do that."

Before Garcia took Morrison away, Officer Martin observed that his sweat shirt had a chalky material on it which appeared to be plaster and which was the same color as the plaster around the hole at the back of the store. As he continued his investigation, Martin observed an automobile parked on California Street about 50 feet east of the front of Hackett's. The keys were in the ignition and it was the only car, except for several police cars, parked on the street at the time. Articles of new clothing bearing labels "Hackett's Men's Wear" were found in the trunk. Parts for a "Porta-power" jack were also in the trunk.

The car belonged to Mary Scott who is the mother of Wheeler. Her son and Morrison both resided with her and both had her permission to use the car.

On the morning of December 8, 1965, Officer Nelson lifted two latent fingerprints from a four-by-four piece of wood which he found lying on the ground a few feet from the hole

in the rear wall of Hackett's. The fingerprints were those of Wheeler.

A "Portapower" jack was found at the scene.

 The evidence supports the findings of guilt. With respect to the charge against Morrison of receiving stolen property (case No. 320492), the evidence shows he was in possession of the stolen bucket seats. His statements to the officer clearly indicate his awareness of the fact they were stolen. Regarding the burglary case (No. 315531-316182), the evidence shows that Hackett's was burglarized. Morrison was found hiding in the bushes next to the store. He made an incriminating statement. He had bits of plaster on his clothing. Wheeler's fingerprints were found on a piece of wood next to the opening cut in the wall of the store. His mother's car, which both he and Morrison had permission to drive, was parked near the store. Inside was part of the burglary loot. The testimony of the restaurant employee indicated that more than one person was involved and that they had two vehicles. That substantial evidence was presented cannot be doubted.

 Morrison contends that his arrest on the possession of stolen property charge was not based on reasonable cause, and consequently, that the evidence was illegally secured. While defendant urged the point at the preliminary hearing that an illegal search and seizure had occurred, he did not urge it in the trial court. As indicated above, it was stipulated that the trial court could determine defendant's guilt on the testimony contained in the transcript of the preliminary hearing. At no time in the trial court did defendant offer any objection to the introduction of evidence on the ground that there was an illegal search and seizure. As the court stated in *People* v. *Alvarado,* 250 Cal.App.2d 584, 589 [58 Cal.Rptr. 822], "The burden is on defendant in the trial court to make any objections to evidence which he deems to be inadmissible; in the absence thereof, the trial judge may rely upon the stipulation submitting the cause on the testimony taken at the preliminary hearing. 'The law is clear that where no question of search and seizure was raised in the trial court the appellant cannot raise it for the first time on appeal.' [Citations.]" (See also *People* v. *Hyde,* 51 Cal.2d 152, 157 [331 P.2d 42]; *People* v. *Miller,* 205 Cal.App.2d 116, 121-122 [22 Cal.Rptr. 786]; *People* v. *Graves,* 84 Cal.App.2d 531, 535 [191 P.2d 32].)

At the trial of the burglary case, Morrison objected that the

clothing found in the trunk of the automobile parked in front of the burglarized clothing store was illegally searched for and seized. He argued then, and now contends, that the search was not shown to be incidental to his arrest because it was not contemporaneous in point of time. It will be recalled that Morrison was arrested after he was found hiding in the bushes next to the burglarized premises. Clearly, the circumstances provided probable cause to arrest him. But the propriety of the search need not rest on the ground that it was incidental to his arrest.

██ Where the officers have reasonable cause to believe that an automobile contains stolen property or contraband, a search of the automobile may be undertaken in the absence of a warrant or arrest. (*People* v. *Molarius,* 213 Cal.App.2d 10, 14 [28 Cal.Rptr. 541] ; *People* v. *Brajevich,* 174 Cal.App.2d 438, 444 [344 P.2d 815].) ██ When he arrived at Hackett's at about 4:30 a.m., Officer Martin saw the car parked on California Street about 50 feet east of the front of the burglarized store. A Pasadena ordinance prohibited parking on the street between 2 and 6 a.m. It was the only car parked on the street. The keys were in the ignition and a tan cloth bag was observable under the front seat. Morrison was found hiding nearby. Clothing apparently stolen from the store was strewn around the area. The car was registered in Los Angeles where Morrison reportedly lived. The circumstances support the conclusion of the officer that the car was Morrison's means of transportation. Further, the circumstances support the conclusion that he was reasonable in his belief that the car contained merchandise taken in the burglary. The search was therefore shown to be proper.

The burglary case was submitted, by stipulation, on the transcript of the preliminary hearing of Wheeler and on the transcript of the preliminary hearing of Morrison. Wheeler contends his attorney could not effectively waive his right to confront the witnesses called at Morrison's preliminary hearing since he was neither present nor represented by counsel at that preliminary hearing. He asserts that since he had no opportunity to cross-examine those witnesses, his constitutional rights were violated.

Wheeler's mother was called by the prosecution at Morrison's preliminary hearing. Her testimony established that it was her car found parked near the scene of the crime and that both Wheeler and Morrison had her permission to drive it. The woman employee of the restaurant next door to the bur-

glarized store testified she saw and heard two men near the store. The other witnesses who testified only at the preliminary hearing of Morrison, gave testimony relevant solely on the question of Morrison's guilt.

The prosecution's case against Wheeler was almost entirely based on the finding of his fingerprints near the point of entry to the burglarized premises. The prosecution witnesses who presented this evidence testified at Wheeler's preliminary hearing and were thoroughly cross-examined by his counsel. The same attorney represented Wheeler at the trial. Defendant was present when the stipulation submitting the case on both preliminary transcripts was entered into by his counsel. No objection to the stipulation was voiced by defendant.

■ "It is well settled that by stipulation, a defendant may consent to trial on the preliminary transcript [of his preliminary hearing], and that such a stipulation is sufficient if made by counsel in the presence of the defendant [Citation.]" (*People* v. *Clements,* 202 Cal.App.2d 284, 286 [20 Cal.Rptr. 766].)

■ In this case it was further stipulated that the court could also consider the preliminary hearing transcript of the codefendant. The situation presented is not unlike that presented in cases where defense stipulations are entered into that prosecution witnesses are deemed to have been called and to have testified in a certain manner, quite commonly forensic chemists in narcotics cases, thus saving considerable time and expense.

In *People* v. *Ortiz,* 108 Cal.App.2d 313 [25 Cal.Rptr. 431], which involved the stipulated-to testimony of an expert chemist, we answered a contention similar to that urged here, in the following language (at p. 316): "Defendant argues in his brief that by his attorney's stipulation he was denied the right to be confronted by the witnesses at his hearing. If defendant felt that his counsel should not have made the stipulation, he should have complained at that time and given the court an opportunity to correct the situation. In the absence of such complaint the acts of defendant's counsel are imputed to him. 'The right of the accused to confront witnesses at his trial, whether reserved in the Constitution or in statutes, may be waived. [Citation.]'" (See also *People* v. *Ashley,* 42 Cal.2d 246, 272 [267 P.2d 271].) The same result must follow here.

Although Wheeler noticed an appeal from the judgments

entered following the revocation of his probation (in case Nos. 287041 and 289280) neither his brief nor the record on appeal suggests any basis for questioning the trial court's action in revoking probation.

The judgments entered in case No. 315531-316182 erroneously indicate that Morrison was found guilty and sentenced on two counts of burglary. The judgment thereafter entered in case No. 320492 erroneously indicates that the sentence in case No. 320492 was ordered to run concurrently with those "sentences." The record shows that Morrison was charged with and convicted of but one count of burglary and that he was sentenced on the one count; the sentence in case No. 320492, was ordered to run concurrently with his burglary sentence.

In case No. 315531-316182, the judgment as to Morrison is modified to read: "Whereas the said defendant having been duly found guilty in this court of the crime of burglary (Pen. Code, § 459), a felony, which the court found to be burglary in the second degree, it is therefore ordered, adjudged and decreed that the said defendant be punished by imprisonment in the state prison for the term prescribed by law, said sentence to run concurrently with the sentence in case No. 320492."

In case No. 320492, the last paragraph of the judgment is modified to read: "It is therefore ordered, adjudged and decreed that the said defendant be punished by imprisonment in the state prison for the term prescribed by law, which sentence is ordered to run concurrently with the sentence in case No. 315531-316182."

As so modified, the judgments are affirmed.

Files, P. J., and Kingsley, J., concurred.

The petition of appellant Wheeler for a hearing by the Supreme Court was denied March 13, 1968.