[Crim. No. 15835.    Second Dist., Div. Two.    July 24, 1969.]

THE PEOPLE, Plaintiff and Appellant, v. NATHAN
EVANS, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Charles Boags, Jo Kathleen Kaplan, Alan H. Simon and James L. McCormick, Deputy Public Defenders, for Defendant and Respondent.

HERNDON, J.—This is an appeal by the People from the trial court's order suppressing evidence and dismissing the case. The dismissal was ordered incident to the order granting defendant's oral motion to suppress evidence pursuant to Penal Code section 1538.5.

The order must be reversed for several reasons. ██ In the first place, the order suppressing the evidence is erroneous in that it is based upon the mistaken premise that the arresting officer's observation of marijuana seeds and debris on the automobile seat cushion upon which defendant had been seated immediately before he alighted from the vehicle did not provide probable cause for the further search which led to the discovery of additional and usable quantities of marijuana

concealed on defendant's person. In the second place, the order of dismissal fails to comply with the requirement of Penal Code section 1385 that "The reasons of the dismissal must be set forth in an order entered upon the minutes."

Respondent contends, however, that we may not reach the merits of the instant order because an appeal from a dismissal under Penal Code section 1385, unlike an appeal from every other form of "final judgment," does not authorize a review of all precedent orders, and particularly the order suppressing evidence under Penal Code section 1538.5 upon which the instant order of dismissal is based. He relies on the decision in *People* v. *Sheahan,* *(Cal.App.) 79 Cal.Rptr. 299, filed June 27, 1969, by Division Four of the First Appellate District. We find the reasoning of this decision unpersuasive and inconsistent with the clear language and intent of Penal Code sections 1538.5 and 1238, subdivision 7. We adhere to the decisions of this court in *People* v. *Superior Court,* 271 Cal.App.2d 338, 345 [76 Cal.Rptr. 712], and *People* v. *Superior Court,* 272 Cal.App.2d 383, 385-386 [77 Cal.Rptr. 646] (hearing denied). Subdivision (j) of Penal Code section 1538.5 in pertinent part expressly provides: "If defendant's motion is granted at a special hearing in the superior court, the people, if they have additional evidence relating to the motion and not presented at the special hearing, shall have the right to show good cause at the trial why such evidence was not presented at the special hearing and why the prior ruling at the special hearing should not be binding, or the people may seek appellate review as provided in subdivision (o) of this section, *unless the court prior to the time such review is sought has dismissed the case pursuant to Section 1385. . . .* If the people *prosecute review by appeal* or writ to decision, or any review thereof, in a felony or misdemeanor case, *it shall be binding upon them.*" (Italics added.)

█ It appears self-evident that the Legislature, in authorizing an appeal to be taken from a dismissal based upon the results of a 1538.5 hearing (Pen. Code, § 1238, subd. 7, and § 1538.5, subd. (j), quoted supra), would not have provided that such "review by appeal . . . shall be binding upon them" as to the admissibility of the evidence unless the appellate court on such appeal has the right to reach the merits of the order suppressing evidence.

Defendant's motion to suppress was submitted on the

---

*A rehearing was granted on July 25, 1969. The final opinion was filed on December 2, 1969, and certified for nonpublication.

transcript of the preliminary hearing. The only indication of the court's reason for granting the motion to suppress and for ordering a dismissal is to be found in the following colloquy between court and counsel at the conclusion of the hearing:

"THE COURT: No. 12, Evans. MR. FORD: People are ready. MR. BOAGS: Defense is ready. THE COURT: All right. This is here under 1538.5. The Court has read and considered the transcript. MR. FORD: People rest. MR. BOAGS: Defense rests. THE COURT: The motion is granted. MR. FORD: Marihuana in plain sight? THE COURT: Two seeds.[1] I am going to see if there is such a thing as de minimus. MR. FORD: For the record is this based on credibility? THE COURT: I am not basing it on credibility. MR. FORD: We have no further evidence. I ask the Court to make a statement so we can file our notice of appeal. MR. BOAGS: I object to this. I think the Court has a right to make his own decision without the District Attorney questioning him. MR. FORD: There is no question about his right. He has been kind enough to state his reasons. THE COURT: I am basing it on legal grounds. I don't think there is any doubt as to the officer's veracity. I just don't think there is sufficient quantity involved for the case to go to trial. The matter will be dismissed."

The minute order reads as follows: "Hearing re motion under Section 1538.5 Penal Code is resumed. All rest. The motion is granted and the case is dismissed." A reading of the transcript of the preliminary hearing discloses evidence which we shall summarize briefly.

Los Angeles Police Officer Belding testified that shortly after midnight on June 9, 1968, he and Officer Hollingshead were on patrol duty when they observed a vehicle with both tail lights broken. They stopped the vehicle which was occupied by four adults, two seated on the front seat and two in the rear.

Officer Belding testified that "We had exchanged words, my partner and I, as we approached the vehicle, that these could be four suspects who were involved in a robbery just prior to our stopping the vehicle." Officer Hollingshead approached the driver and asked for his operator's license. The driver responded that he had none in his possession. Thereupon the officers asked the occupants "to step out of the

---

[1] The evidence is uncontradicted that the debris which the officer observed on the seat of the vehicle included six marijuana seeds which he placed in the envelope identified as People's exhibit T-1.

vehicle." Defendant was seated on the front seat on the passenger side.

After the occupants had gotten out of the vehicle, Officer Belding shined his flashlight into the vehicle, first in the back and then in the front area. On the front seat on the passenger side he observed what appeared to him to be marijuana seeds and debris which he described in some detail. The officer called the attention of his partner to what he had seen and the other officer made similar observations. Officer Belding then proceeded to make an intensive search of the vehicle while Officer Hollingshead placed defendant and his companions under arrest. No further contraband was found in the vehicle but Officer Hollingshead made a further search of the defendant and found in his pants pocket "a small amount of debris which also resembled the leafy brownish-green marijuana."

About an hour later in a further search of the defendant at the central jail Officer Hollingshead found five handrolled cigarettes containing marijuana concealed in the defendant's shoe. At the conclusion of the preliminary hearing it was stipulated that a forensic chemist would be deemed to have been called and to have testified that he received the three envelopes containing marijuana seeds and debris and the five cigarettes and that on the basis of his examination thereof had formed the opinion that the contents of the envelopes were marijuana.

We hold that the usable quantity of marijuana which was found on the person of respondent was not seized in the course of an illegal search but that it was obtained in the course of a legal search made with probable cause. We further hold that the evidence properly received by the magistrate at the preliminary hearing is entirely sufficient to support the order of the magistrate holding respondent for trial.

The officer's observation through the window of the automobile of that which was plainly visible was not a search within the meaning of pertinent constitutional provisions and violated no right of the defendant. (*People* v. *Terry,* 61 Cal.2d 137, 152-153 [37 Cal.Rptr. 605, 390 P.2d 381]; *People* v. *Martin,* 45 Cal.2d 755, 762 [290 P.2d 855]; *People* v. *Holloway,* 230 Cal.App.2d 834, 839 [41 Cal.Rptr. 325].)

The trial court's apparent reliance upon *People* v. *Leal,* 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665], was misplaced. The narcotic debris which the officer observed on the seat of the vehicle may not have been sufficient in quantity

to support a conviction, but certainly it does not follow that it was not sufficient to generate that strong suspicion which justified further search. (*People* v. *Hale,* 262 Cal.App.2d 780, 788 [69 Cal.Rptr. 28].) ▬ As stated in *People* v. *Griffin,* 250 Cal.App.2d 545, 552 [58 Cal.Rptr. 707] : "*People* v. *Leal,* 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665], relied on by both defendants is not in point. There the nonusable quantity of narcotics was found to be insufficient as a basis for conviction. Here the debris is substantial evidence linking Robinson to a much larger quantity. As the court recognized in *Leal*: 'We do not say, however, that the discovery of traces of narcotics in a defendant's possession is without legal significance. Clearly, the presence of those traces may serve as evidence in the proof of many types of narcotics offenses.' (*Ibid,* p. 512.)"

Reversed.

Roth, P. J., and Wright, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 24, 1969. Peters, J., was of the opinion that the petition should be granted.