[Civ. No. 35873. Second Dist., Div. Four. May 29, 1970.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF
SANTA BARBARA COUNTY, Respondent;
LEED ARNOLD SILVER, Real Party in Interest.

**COUNSEL**

David D. Minier, District Attorney, and Robert J. Graham, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Robert G. Eckoff, Public Defender, and Zel Canter, Deputy Public Defender, for Real Party in Interest.

**OPINION**

**ALARCON, J.**[*]—The district attorney of Santa Barbara has petitioned this court for a writ of prohibition, which we treat as an application for a writ of mandate to require the trial court to vacate its order granting a motion to suppress the evidence in support of count I of the information.

### FACTUAL BACKGROUND

At the evidentiary hearing pursuant to Penal Code section 1538.5 Deputy Sheriff Camburn Eugene Da Foe of Santa Barbara County testified that he was on duty in the Isla Vista area at 2 p.m. on October 22, 1969. At approximately 2 p.m. he observed a VW van in an area where vehicles are not normally parked. The vehicle was located on a gravel surface halfway between the fence enclosing the General Motors plant and the paved road. The surrounding area is vacant land except for the General Motors plant. The nearest gate to the General Motors plant was a quarter of a mile from the place where the vehicle was parked. There were no other cars parked in the vicinity. No persons were observable in or near the vehicle. Officer Da Foe decided to check out the vehicle "to ascertain if it had been stolen or something was wrong with it, whether it was in mechanical difficulty, et cetera, to see if there was anything that I could observe to ascertain what the problem or the reason for it being there."

The doors to the vehicle were locked. Officer Da Foe looked through

---

[*]Assigned by the Chairman of the Judicial Council.

the window on the driver's side and saw in plain view a "hash" pipe lying on the back shelf of the vehicle.

Officer Da Foe testified that he had been specially trained in the identification of narcotics paraphernalia and had investigated approximately one hundred cases where "hash" pipes had been found. A hash pipe is a pipe which can be used to smoke hashish. He described the "hash" pipe in the vehicle as a home-made cardboard cylinder, approximately six inches in length, with a foil-formed bowl containing a black residue. The foil is used to contain the ashes and to prevent the hashish from dropping down so that the user may obtain all possible smoke from the hashish. After observing the hash pipe Officer Da Foe opened the rear door to the van and reached in and removed the hash pipe to examine it. He then entered the vehicle by the rear door and conducted a search through the various items on the back shelf.

About a foot or two from the spot where the pipe was lying he found a plastic bag containing hashish. The hashish was not in plain view. Another deputy sheriff who was summoned to assist Officer Da Foe found a bag of marijuana behind the driver's seat and narcotic paraphernalia was found throughout the vehicle.

An information was filed charging the real party in interest with possession of marijuana in count I and possession of narcotic paraphernalia in count II

The trial court denied the motion to suppress the "hash" pipe but granted the motion "as it concerns all other items."

### PROBLEM

In their petition for a writ of mandate the People contend that the finding of the hash pipe in plain view constituted probable cause to search the vehicle for additional contraband.

The real party in interest, Leed Arnold Silver, argues that an unoccupied motor vehicle cannot be searched without consent except as an incident to an arrest or pursuant to a search warrant.

### DISCUSSION

An unoccupied automobile may be searched without a warrant if there is reasonable cause to believe it is carrying contraband. (*People* v. *Gale* (1956) 46 Cal.2d 253, 255 [294 P.2d 13]; *People* v. *Terry* (1969) 70 Cal.2d 410, 428 [77 Cal.Rptr. 460, 454 P.2d 36].) "Where the officers have reasonable cause to believe an automobile contains stolen property or

contraband, a search of the automobile may be undertaken in the absence of a warrant or arrest." (*People* v. *Morrison* (1968) 258 Cal.App.2d 75, 81 [65 Cal.Rptr. 445].) The reason for this exception to the Fourth Amendment is set forth in *Dyke* v. *Taylor Implement Mfg. Co.* (1968) 391 U.S. 216, at page 221 [20 L.Ed.2d 538, 543, 88 S.Ct. 1472] in the following language: "Automobiles, because of their mobility, may be searched without a warrant upon facts not justifying a warrantless search of a residence or office. [Citations.] The cases so holding have, however, always insisted that the officers conducting the search have 'reasonable or probable cause' to believe that they will find the instrumentality of a crime or evidence pertaining to a crime before they begin their warrantless search." The requirement for a search warrant is excused because of the "impracticability of obtaining a warrant before the evidence is driven away." (*People* v. *Temple* (1969) 276 Cal.App.2d 402, 409 [80 Cal. Rptr. 885].) If there is probable cause to believe that an automobile contains contraband, the vehicle may be searched although the car is unoccupied to avoid the risk that someone may return to the car and flee with it before the police would have an opportunity to locate a magistrate, secure a search warrant, and return to the vehicle. "A defendant's absence from the scene does not of itself render illegal a search which, in view of the totality of the surrounding circumstances, is reasonable." (*People* v. *Williams* (1967) 67 Cal.2d 226, 229 [60 Cal.Rptr. 472, 430 P.2d 30].)

■ The fact that there were two officers on the scene in the instant matter does not render the search unreasonable because of the possibility that one officer could have stood guard over the vehicle to prevent its removal while a search warrant was obtained. This contention was disposed of in *People* v. *Kampmann* (1968) 258 Cal.App.2d 529, 533 [65 Cal.Rptr. 798] as follows: "To require in the present case that one officer go to obtain a warrant while the other remains camped by the [contraband] would further no recognizable interest; it would magnify technicality at the expense of reason." (See also *People* v. *Tambini* (1969) 275 Cal.App.2d 757, 763-764 [80 Cal.Rptr. 179].)

■ Under the facts of this case there was reasonable cause to believe that the Volkswagen van contained contraband. Prior to the search of the vehicle Officer Da Foe saw in plain view a pipe which is uniquely fashioned for the smoking of hashish. The possession of such a pipe is a crime. (Health & Saf. Code, § 11555.) A hash pipe is used for the smoking of a contraband, i.e., hashish. From the presence of a homemade instrument designed to smoke a contraband narcotic it is logical to infer that the contraband itself may be hidden in close proximity to the smoking device. (See *Fraher*

v. *Superior Court* (1969) 272 Cal.App.2d 155, 163 [77 Cal.Rptr. 366]; see also *People* v. *Fuentes* (1969) 272 Cal.App.2d 854, 858 [77 Cal.Rptr. 766]; *People* v. *Evans* (1969) 275 Cal.App.2d 78, 83 [79 Cal.Rptr. 714].)

■ Anyone leaving a vehicle in a remote area invites law enforcement concern to determine if the motorist is in need of police assistance or if the vehicle has been stolen or abandoned. If such a vehicle contains *in plain view* an instrument, the possession of which is a crime, it is unreasonable to expect the police will not investigate and search for further evidence of a necessarily related crime. Under such circumstances the possessor of the contraband instrument has not exhibited a reasonable expectation of privacy. (See *People* v. *Terry* (1969) 70 Cal.2d 410, 428 [77 Cal.Rptr. 460, 454 P.2d 36].) Instead, this visible defiance of the law is some evidence of a careless disregard by the law violator for the consequences which may flow from official discovery of his criminality.

Let a peremptory writ of mandate issue requiring the Superior Court of Santa Barbara to vacate its order suppressing the evidence found as the result of the search of the vehicle.

Files, P.J., and Dunn, J., concurred.