23 Cal.App.3d 559 (1972)
100 Cal. Rptr. 330
THE PEOPLE, Plaintiff and Respondent,
v.
HERMAN CHARLES DEUTSCHMAN, Defendant and Appellant.
Docket No. 9531.
Court of Appeals of California, First District, Division One.
February 16, 1972.
*562 COUNSEL
Michael S.N. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.
Thomas C. Lynch and Evelle J. Younger, Attorneys General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.
OPINION
ELKINGTON, J.
Defendant Herman Charles Deutschman, having waived a jury, was convicted of five counts of burglary (Pen. Code, § 459) and one count of attempted burglary (Pen. Code, §§ 664, 459). He appeals from the judgment which was thereafter entered.
(1) Viewing the evidence in the light most favorable to the People as we are bound to do following a guilty finding (People v. Sweeney, 55 Cal.2d 27, 33 [9 Cal. Rptr. 793, 357 P.2d 1049]; People v. Caritativo, 46 Cal.2d 68, 70 [292 P.2d 513], cert. den. 351 U.S. 972 [100 L.Ed. 1490, 76 S.Ct. 1042]; People v. Dail, 22 Cal.2d 642, 650 [140 P.2d 828]), we state the relevant facts.
At approximately 1:30 on the afternoon of Friday, July 25, 1969, Officer McFarland and Sergeant Kafka of the San Francisco Police Department Pawnshop Detail, who were on routine patrol, entered a pawnshop at 77 Sixth Street. There they observed appellant at the pawnbroker's window attempting to sell an office model IBM electric typewriter with a value of several hundred dollars for forty or fifty dollars. The officers noted that the appellant appeared to be unfamiliar with the operation of the typewriter and that he was unable to explain its operation to the pawnbroker.
Officer McFarland approached the appellant and requested identification. Appellant produced a Missouri driver's license.
Sergeant Kafka, having overheard the reference to appellant's Missouri *563 driver's license, went outside to look for appellant's car. In an alley beside the pawnshop Sergeant Kafka found a car with Missouri license plates containing office equipment and two typewriters in plain view.
While Sergeant Kafka was looking for the automobile, Officer McFarland asked the appellant when and where he had acquired the typewriter. Appellant responded that he had purchased the typewriter approximately one year previously in St. Louis, Missouri. Before proceeding further, Officer McFarland gave appellant the Miranda admonition (Miranda v. Arizona, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]), after which appellant refused to answer any further questions.
Sergeant Kafka then returned to the pawnshop and informed Officer McFarland of what he had found. Appellant was placed under arrest on suspicion of receiving stolen property. He was then conveyed by patrol wagon to the San Francisco city jail.
The officers then searched the interior of the car and had it removed to the Hall of Justice where they searched the trunk. In the car the officers found a typewriter to which was affixed a repair slip from the IBM Service Department in San Mateo County. Officer McFarland called the service department and was informed that the typewriter belonged to a church in San Mateo County. A call to the church disclosed that the typewriter had been stolen.
At 5:30 p.m. on Friday, July 25, Sergeant Sheehan of the San Mateo Police Department, who had been contacted earlier in the day by Officer McFarland, arrived to question appellant. Together Sergeants Sheehan and Kafka advised appellant of his Miranda rights and questioned him about the source of the stolen office equipment. During the course of the interview the appellant indicated to Officers Kafka and Sheehan that, because of family problems, he would prefer being prosecuted in San Mateo County. Appellant, who was quite emotional, was told by the officers that they could make him no promises. Appellant tried to make an agreement that he would show the officers the location of the burglaries in exchange for a promise that he would not be prosecuted in San Francisco. He was told that any information he provided would be submitted to the San Francisco District Attorney, who would decide whether or not to prosecute appellant. He was specifically told that the officers could not assure, or enter into an agreement with, him that there would be no San Francisco prosecution.
As a result of the conversation the parties agreed that the appellant would accompany Sergeant Sheehan to San Mateo County where he would point out the location of certain burglaries. Whatever information was *564 obtained by the officers relating to burglaries in San Mateo County would be written down and transmitted to the District Attorney of the City and County of San Francisco, who would decide whether or not to prosecute the appellant for receiving stolen property in San Francisco.
On Saturday, July 26, the appellant accompanied Sergeants Sheehan and Kafka to San Mateo where he pointed out locations of the suspected burglaries. After the tour of the burglary sites, the officers and appellant proceeded to the San Mateo police station, where between 1 and 2 p.m., approximately 24 hours after his arrest, appellant, after having again been advised of his rights made a confession.
(2, 3a) The first appellate contention is that Deutschman's confession was secured in violation of his Miranda and Fioritto rights. The latter case, People v. Fioritto, 68 Cal.2d 714 [68 Cal. Rptr. 817, 441 P.2d 625], holds that once a suspect has indicated an intent to assert his Miranda rights, all further attempts at police interrogation must cease.
While the record indicates that objection was made to Deutschman's confessions on the ground that the earlier arrest and searches were constitutionally invalid, no contention was made, either at the preliminary examination or at the trial, of any Miranda or Fioritto error.
It is settled law that by failure to object to Miranda error in the trial court, one waives the right to assert such error on appeal. (In re Dennis M., 70 Cal.2d 444, 462 [75 Cal. Rptr. 1, 450 P.2d 296]; People v. Superior Court, 15 Cal. App.3d 146, 150, fn. 1 [92 Cal. Rptr. 916]; People v. Carter, 7 Cal. App.3d 332, 339 [88 Cal. Rptr. 546]; People v. Patterson, 270 Cal. App.2d 268, 272, fn. 1 [75 Cal. Rptr. 485]; People v. Duty, 269 Cal. App.2d 97, 105 [74 Cal. Rptr. 606]; People v. Figueroa, 268 Cal. App.2d 721, 727 [74 Cal. Rptr. 74]; People v. Jackson, 266 Cal. App.2d 341, 349 [72 Cal. Rptr. 162]; People v. Castro, 257 Cal. App.2d 643, 645-646 [65 Cal. Rptr. 62]; see also Evid. Code, § 353; Witkin, Cal. Evidence (2d ed. 1966) § 1308.)
Insofar as we can determine, the effect of failure to object to Fioritto error in the trial court has never been ruled upon by California's appellate courts. But as we see no substantial distinction between Miranda and Fioritto error, we think, in reason, the rule should be the same. Assisting us in this conclusion is the following discussion of People v. Castro, supra, 257 Cal. App.2d at pages 645-646: "While it is perfectly true that in the area of coerced confessions the lack of an objection in the trial court does not preclude review on appeal (People v. Matteson, 61 Cal.2d 466, 469 [39 Cal. Rptr. 1, 393 P.2d 161]; People v. Rand, 202 Cal. App.2d 668, 672-674 [21 Cal. Rptr. 89]), cases involving confessions obtained without *565 compliance with the rules announced in People v. Dorado, 62 Cal.2d 338 [42 Cal. Rptr. 169, 398 P.2d 361] have uniformly required an objection as a prerequisite for appellate consideration (People v. Ray, 252 Cal. App.2d 932, 958 [61 Cal. Rptr. 1]; People v. Crooks, 250 Cal. App.2d 788, 793 [59 Cal. Rptr. 39]) although this requirement does not apply to trials before the date of the second Dorado decision on January 29, 1965. (People v. Doherty, 67 Cal.2d 9, 14-15 [59 Cal. Rptr. 857, 429 P.2d 177].) [¶] Although no case involving a hearing after the Miranda decision has been cited to us, we see no reason why the rule should be different. [¶] The difference between the coerced confession cases and those involving a violation of Dorado and Miranda is undoubtedly due to two factors: first, the difference in the trustworthiness, and second, the fact that confessions obtained in violation of Miranda and Dorado are far less offensive to the underlying principles in the enforcement of our criminal laws. Were it otherwise, Johnson v. New Jersey, 384 U.S. 719 [16 L.Ed.2d 882, 86 S.Ct. 1772]; People v. Rollins, 65 Cal.2d 681 [56 Cal. Rptr. 293, 423 P.2d 221] and In re Lopez, 62 Cal.2d 368 [42 Cal. Rptr. 188, 398 P.2d 380] could not have been written."
(4) It is, of course, true that Fioritto error, if objected to, is prejudicial per se since any "`statements made by a defendant in response to such questioning cannot be characterized as voluntary.' [Citation.]" (People v. Burton, 6 Cal.3d 375, 384 [99 Cal. Rptr. 1, 491 P.2d 793]; People v. Randall, 1 Cal.3d 948, 958 [83 Cal. Rptr. 658, 464 P.2d 114]; see also People v. Ireland, 70 Cal.2d 522 [75 Cal. Rptr. 188, 450 P.2d 580, 40 A.L.R.3d 1323]; People v. Fioritto, supra, 68 Cal.2d 714.) In each of the parenthesized cases a conviction was reversed for such error, but we note that in each, proper objection was made by the defendant and overruled by the trial court.[1]
(3b) We, therefore, hold that where an accused fails to raise Fioritto error in the trial court, he may not successfully urge such error on appeal.
(5) Contrary to Deutschman's contention, we find the facts we have outlined, and known to the officers, to constitute probable cause for his arrest for receiving stolen property. (See People v. Terry, 2 Cal.3d 362, 393 [85 Cal. Rptr. 409, 466 P.2d 961]; People v. Hazel, 252 Cal. App.2d *566 412 [60 Cal. Rptr. 437]; People v. Beasley, 250 Cal. App.2d 71 [58 Cal. Rptr. 485].)
(6) Nor do we find the search of Deutschman's automobile to have constitutional infirmity under the rule announced in Chimel v. California, 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034]. There was obviously probable cause also to believe that the additional office equipment lying in plain view in the vehicle was stolen property. The Chimel court (p. 764, fn. 9 [23 L.Ed.2d p. 694]) was careful to point out that its holding did not disturb the rule that "assuming the existence of probable cause, automobiles and other vehicles may be searched without warrants `where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' [Citations.]" A right to search an unoccupied automobile exists where there is reasonable cause to believe it contains stolen property. (Dyke v. Taylor Implement Co., 391 U.S. 216, 221 [20 L.Ed.2d 538, 88 S.Ct. 1472]; People v. Superior Court, 8 Cal. App.3d 398, 402 [87 Cal. Rptr. 283]; People v. Morrison, 258 Cal. App.2d 75, 81 [65 Cal. Rptr. 445].) And the subsequent search of the car's trunk in the police garage was also constitutionally permissible. (Chambers v. Maroney, 399 U.S. 42 [26 L.Ed.2d 419, 90 S.Ct. 1975].)
(7) The contention that Deutschman's confessions were improperly admitted in evidence because they were given during a period of unlawful detention is also without merit. His confessions occurred well within the two-day period for being taken before a magistrate, as required by Penal Code section 825. And he has not shown that any delay prejudiced him, or affected the outcome of his trial. (See People v. Wilson, 60 Cal.2d 139, 154 [32 Cal. Rptr. 44, 388 P.2d 452]; People v. Barrett, 267 Cal. App.2d 135, 142 [72 Cal. Rptr. 681].)
We find nothing in the record reasonably supportive of Deutschman's contention that his confessions resulted from coercion or other improper inducement. This contention is based on our previously noted discussion concerning the place of Deutschman's prosecution.
(8) In the several burglaries of which Deutschman was convicted, churches were the victims. The trial judge was a member of one of those churches. This information was imparted to defense counsel by the judge who stated "that this in no way would interfere with my ability to decide this case." No motion to disqualify, nor even a suggestion of disqualification, appears on the record. And it appears (1) that the judge had "no vested interest in any part of this church or any of its assets" and (2) that no property was in fact stolen from that church. The judge was not legally disqualified and no prejudice appears. The point that the trial judge was prejudiced, now raised for the first time on appeal, is without merit. (See *567 People v. Hines, 66 Cal.2d 348, 355-357 [57 Cal. Rptr. 757, 425 P.2d 557]; People v. Purta, 259 Cal. App.2d 71, 75 [66 Cal. Rptr. 38].)
Since no error is found the judgment must be affirmed.
Affirmed.
Molinari, P.J., and Sims, J., concurred.
NOTES
[1] People v. Fioritto, supra, 68 Cal.2d 714, is silent as to whether a trial objection was raised and overruled. But resort to that case's trial record to which we have access, and of which we may take judicial notice (Evid. Code, §§ 452, 459), indicates that following objection and hearing the court ruled that the People had sustained their heavy burden of showing that defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.