494 P.2d 188

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert Lee BEACHUM, Defendant-Appellant.**

**No. 762.**

Court of Appeals of New Mexico.

Feb. 4, 1972.

Turner W. Branch, Branch & Dickson,. Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

COWAN, Judge.

Defendant appeals from an order denying three motions, without a hearing, filed pursuant to Rule 93 [§ 21-1-1(93), N.M. S.A.1953 (Repl.Vol. 4)]. His conviction for armed robbery was affirmed by this court in State v. Beachum, 82 N.M. 204, 477 P.2d 1019 (Ct.App.1970), rehearing denied November 25, 1970; second rehearing denied December 23, 1970.

The three motions are directed at the trial in the district court. We affirm.

The trial court, "having examined the files and records in this case", denied the three motions on the ground that the "allegations" contained in the motions had been ruled upon adversely to defendant by the Court of Appeals of New Mexico. The court made no findings of fact or conclusions of law.

Defendant now urges that the allegations. of his three motions required the court to hold a hearing on the merits of the claim, which if proved would have entitled him to relief. This argument is without merit.

■ The matters specified in the motions, which defendant claims were violative of his constitutional right to a fair trial and due process of law, are ones which either were, or should have been,. submitted to this court for its consideration

on direct appeal. Proceedings under Rule 93 are not intended as a substitute for an appeal as a means for correcting errors which may have occurred during the course of the trial. State v. Sedillo, 79 N. M. 254, 442 P.2d 212 (Ct.App.1968). Neither is a post-conviction proceeding a method by which one can obtain consideration of questions which might have been raised on appeal. State v. Sanchez, 80 N. M. 688, 459 P.2d 850 (Ct.App.1969). It is noted that defendant not only appealed his conviction but presented two motions for rehearing after decision by this court.

Whether the "allegations contained in the Motions to Set Aside and Vacate Judgment and Sentence have been ruled upon adversely to defendant by the Court of Appeals of New Mexico", as stated in the trial court's order denying the motions, is not determinative of a decision here. The claimed errors were ones which are properly and normally raised and corrected by appeal and they cannot now be raised by this post-conviction proceeding. Miller v. State, 82 N.M. 68, 475 P.2d 462 (Ct.App. 1970).

■ It follows that the motions and the files and records of the case conclusively show that the defendant was entitled to no relief. Rule 93, supra. Although the defendant claims violations of his constitutional rights, the factual allegations in his motions admittedly refer to evidentiary matters. These do not constitute violations of the Constitution of the United States or of New Mexico nor are they matters forming a basis for collateral attack upon the verdict and sentence. State v. Sisneros, 79 N.M. 600, 446 P.2d 875 (1968).

■ The trial court did not err in denying the motions without a hearing. State v. Decker, 79 N.M. 41, 439 P.2d 559 (Ct. App.1968). Even if the court's stated grounds for denial may not be entirely correct, the rules herein set out support the court's action. A decision of the trial court will be upheld if it is right for any reason. Scott v. Murphy Corporation, 79 N.M. 697, 448 P.2d 803 (1969); State v.

Brill, 81 N.M. 785, 474 P.2d 77 (Ct.App. 1970).

The order denying relief is affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.