305 A.2d 104.

STATE *vs.* LAWRENCE D. DURRELL.

JUNE 7, 1973.

PRESENT: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

ROBERTS, C. J.  This is an indictment charging the defendant, Lawrence D. Durrell, with the possession of cannabis in violation of G. L. 1956 (1968 Reenactment) §21-28-31.  The defendant's motion to suppress evidence was denied, and after trial by a jury he was found guilty as charged in the indictment.  The defendant is in this court prosecuting his bill of exceptions.

It appears that on November 8, 1969, Olla Maxwell informed the East Greenwich Police Department that a number of boys were smoking near a gas storage tank in the vicinity of the Masonic building on Main Street in that town. Officer Harold A. Taylor went to that location, where he encountered three youths, including defendant, who had in his hand a brass pipe of a type used for the smoking of marijuana.  Officer Taylor then placed defendant under arrest and took him to police headquarters, where, after being given the required warnings, he was searched.  Some hashish was found in his outer shirt pocket.

The defendant does not deny that the brass pipe is a device commonly used for smoking marijuana and concedes that Officer Taylor's suspicions would naturally be aroused upon observing such a pipe in Durrell's possession.  How-

ever, he argues, and correctly so, that mere suspicion does not furnish probable cause for an arrest. *State* v. *Roach*, 106 R. I. 280, 283-84, 259 A.2d 119, 122 (1969). However, it is also true that probable cause may be found on the basis of evidence less than that which would be required to convict a defendant or even evidence which in the course of a criminal trial could be excluded as incompetent. *Id.* at 283, 259 A.2d at 122; *Brinegar* v. *United States*, 338 U. S. 160, 172-75, 69 S.Ct. 1302, 1309-11, 93 L.Ed. 1879, 1888-90 (1949). Fundamentally, a determination of whether there is probable cause to support an arrest is to be made on the basis of a realistic and sensible analysis of the circumstances surrounding the arrest. *State* v. *Roach, supra* at 283, 259 A.2d at 122; *United States* v. *Ventresca*, 380 U. S. 102, 108-09, 85 S.Ct. 741, 745-46, 13 L.Ed.2d 684, 688-89 (1965).

In the instant case Officer Taylor arrived at the scene and found defendant in possession of the brass pipe. He testified that he knew from experience as a police officer that the pipe was a device frequently used for the smoking of marijuana and that he had acquired knowledge of this fact in the course of his training as a policeman and his attendance at two schools established to instruct police officers with respect to problems involving the use of narcotics. In short, the situation here is one in which the officer was informed that boys were smoking behind the Masonic building. He recognized the pipe in defendant's possession as an instrument used for the purpose of smoking marijuana. On the basis of these observations and in the light of common knowledge and his training and experience in the approach of the police to offenses involving the use of drugs, he had reasonable grounds to conclude that defendant either had committed or was about to commit a crime. *State* v. *Holmes*, 160 Conn. 140, 147-48, 274 A.2d 153, 155-56 (1970). We are thus constrained to conclude that there was probable cause for the arrest of this defendant and that, there-

fore, the motion to suppress the evidence was properly denied.

The defendant contends also that the trial justice's ruling excluding from evidence the testimony of the toxicologist offered for the purpose of rebutting the statutory classification of marijuana as a narcotic drug constituted reversible error. We do not agree.

The exclusion of such testimony in the circumstances under which it was offered may be conceded to have constituted error. *State* v. *Carufel,* 106 R. I. 739, 742-43, 263 A.2d 686, 688 (1970). However, while the ruling was erroneous, it was not prejudicial to this defendant. The thrust of the proffered evidence being similar to that considered by us in *State* v. *Almeida,* 111 R. I. 566, 304 A.2d 895 (1973) it must be held to be insufficient to rebut the right of the Legislature to classify marijuana as a narcotic drug. We, therefore, conclude that the defendant was not prejudiced by the ruling of the court and that this contention is without merit.

All of the defendant's exceptions are overruled, and the judgment of conviction is affirmed.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Joslin and Mr. Justice Doris did not participate.

*Richard J. Israel,* Attorney General, *Alexander G. Teitz,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Berberian and Tanenbaum, Aram K. Berberian,* for defendant.