Gabrielli, J.
The defendant appeals, by leave of an Associate Judge of this court, from an order of the County Court of Albany County which affirmed a judgment of the Police Court *263 of the City of Albany convicting him of criminal possession of a dangerous drug.
We are presented with basic issues which address themselves to (1) whether the evidence can be construed to show that defendant was in possession, actual or constructive, of the narcotics used as evidence in support of a misdemeanor conviction for a violation of section 220.05 of the Penal Law[1] and (2) whether there was probable cause for the arrest in the first instance. We answer both questions in the negative.
In assessing these issues we note that the evidence reveals that the arresting officers had received information from a confidential source that defendant was in a certain area and that he was dealing in drugs. The officers drove to the area and saw the defendant standing at the driver’s side of another’s automobile talking with two occupants. Just prior to the departure of this car, defendant was seen to make a motion with his right arm and hand which, according to the arresting officers, was empty at all times they had him under surveillance. Following the departure of the car one of the officers began questioning defendant while the other began examining the general area, in the course of which he found a manila envelope about three feet from the curb in an area under where the car had been parked. The envelope contained heroin whereupon defendant was arrested and charged with criminal possession of a dangerous drug. The arrest was made without a warrant and it is conceded, as indeed it must be, that the arrest may be sustained only if the officers, or either of them, had reasonable grounds for believing that an offense was being committed in their presence (former Code Crim. Pro., § 177).
The entire activity to which the officers testified and upon which the validity of the arrest must depend, is limited. Despite the officers ’ observations of defendant, they did not see him have anything in his hand at any time. Neither did they, of course, see him drop an object during any of their surveillance. They merely observed him conversing with two persons who departed *264 in their car neither furtively nor in haste. The subsequent discovery of the envelope is susceptible of a number of possibilities which, of course, lead to neither ownership in nor possession by the defendant. Since he was suspected of dealing in narcotics, the observed acts might seem not inconsistent with a culpable narcotics transaction, but they were also susceptible of various innocent activities or transactions. As stated by then Judge Beeitel in People v. Brown (24 N Y 2d 421, 423) “ [t]he behavior, at most ‘ equivocal and suspicious ’, was not supplemented by any additional behavior raising ‘ the level of inference from suspicion to probable cause ’ ” (see People v. Corrado, 22 N Y 2d 308, 311, 313). Tn order to raise, this to the status of probable cause, more need be shown. (Cf. People v. Cohen, 23 N Y 2d 674; People v. Smith, 21 N Y 2d 698; People v. Valentine, 17 N Y 2d 128; People v. White, 16 N Y 2d 270.) Evident it is that the pattern described is neither uniquely nor generally associated with criminal conduct, and in its absence we may not say that probable cause exists. To put it another way, if the same sketchy pattern as herein described occurs just as frequently or even more than frequently in innocent transactions, the pattern is too equivocal to form the basis for such a warrantless arrest. We are mindful, of course, that a police officer is entitled to draw upon his whole experience as a criminal investigator (People v. Valentine, supra, at p. 132; People v. Brady, 16 N Y 2d 186) but he may not draw the inference of criminality when others, as here, possessed of the same special expertise would not (Henry v. United States, 361 U. S. 98; People v. Corrado, supra, at p.314). It should be noted that neither officer testified that he believed the defendant was engaged in any criminal activity.
For all these reasons we are required to hold that probable cause for the arrest was lacking.
Neither do we find that satisfactory proof of possession was shown. We note, of course, that the Legislature has stated that “ ‘ Possess ’ means to have physical possession or otherwise to exercise dominion or control over tangible property ” .(Penal Law, § 10.00). It is manifestly clear that there was no proof to show that defendant had actual physical possession of the contraband; nor can it be said that he had constructive possession of this envelope found under another’s car. There *265 is a complete absence of evidence to indicate he possessed it at any time prior to the observations described by the officers, and certain it is that the envelope was not found in an area exclusive possession of which was in the defendant. He neither owned, controlled nor exercised any dominion, actual or potential, over the vehicle under which it was found or the general area thereof. None of . the circumstances in this record lead to a conclusion of possession.
Accordingly, the order should be reversed and the information dismissed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Rabin and Stevens concur.
Order reversed, etc.

. Section 220.05 of the Penal Law, in effect at the time of the alleged occurrence, provided that “ A person is guilty of criminal possession of a dangerous drug in the fourth degree when he knowingly and unlawfully possesses a dangerous drug ”,