**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jeffrey Lynn JUDGE, Defendant-
Appellant.**

**No. 74–1384.**

United States Court of Appeals,
Ninth Circuit.

Aug. 9, 1974.

John Y. Tremblatt, (argued) of Margolin, Somers, Kallen & Tremblatt, San Diego, Cal., for defendant-appellant.

James W. Meyers, Asst. U.S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

## OPINION

Before CARTER and TRASK, Circuit Judges, and WHELAN,* District Judge.

JAMES M. CARTER, Circuit Judge:

This is an appeal from a judgment of conviction for possession of marijuana (1,100 pounds) with intent to distribute under 21 U.S.C. § 841(a)(1). We affirm.

A motion to suppress the evidence on the ground that the search and seizure of the marijuana violated the fourth amendment was denied. The court at trial found Judge guilty.

The search of Judge's pickup truck took place in the employee parking lot of a closed fruit market at about 8:30 a.m. on May 22, 1973. United States Border Patrol Agent Walters observed Judge's truck pass the Temecula, California, traffic checkpoint and turn from Pala Road onto Route 71. Because the vehicle had a cover of the kind used to transport aliens over the bed of the truck and a paper license plate indicating recent transfer of registration, and because Agent Walters knew many of the residents of the rural area but did not recognize Judge, he pulled out to follow the vehicle. Walters was in uniform and was driving a marked car.

* Honorable Francis C. Whelan, United States District Judge, Central District of California, sitting by designation.

When the pickup truck pulled into the parking lot of a closed fruit market, Agent Walters got out of his car and walked over to Judge, who was leaving the truck. After several minutes' conversation, Walters identified himself as a border patrol agent making a routine check for aliens, and asked to inspect the truck. Judge agreed and unlocked the cover himself, revealing 1,100 pounds of marijuana. Judge contends that Agent Walters' request to search was made under color of his badge and was inherently coercive. Judge's subsequent consent was therefore not voluntary.

 First, since Judge stopped his car voluntarily and Walters in no way ordered or requested him to do so, there was no "stop" of the vehicle as would require a "founded suspicion" on the part of Walters. *Cf.* Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).

 Further, the record below amply supports the district court's finding that the consent was voluntary. Judge stopped his vehicle on his own and initiated the conversation with Agent Walters. He readily agreed to the search of his pickup, performing the physical act of unlocking the back cover himself. He was neither threatened nor ordered to comply with the request to search. Under these circumstances, the recent decision in Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1972) is controlling. In *Schneckloth, supra,* on facts very similar to those in the present case, the Supreme Court held:

"Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent." 412 U.S. at 248–249, 93 S.Ct. at 2059.

Whether a consent which appears to be voluntary was actually coerced by im-

plicit means can be determined only by the careful sifting of the unique facts and circumstances of each case. *Id.* at 233, 93 S.Ct. 2041, 36 L.Ed.2d 854. The district court considered all of the evidence, and had an opportunity to observe the demeanor of both Agent Walters and Judge. His finding of voluntary consent has substantial support in the evidence.

We affirm. Bond is revoked forthwith.