THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JULIAN FRANKLIN, Appellant.

Third Department, December 12, 1974.

*O'Connor & Kenny (Thomas J. O'Connor, Jr.,* of counsel), for appellant.

*Pierce H. Russell, District Attorney (Peter R. Kehoe* of counsel), for respondent.

MAIN, J.   On May 11, 1973, Officer William J. Morris of the New York State Police conducted a warrantless search of an automobile owned and operated by the defendant herein which

he had followed into a motel parking lot because he had noticed that the driver's door of the vehicle had been damaged. According to the trooper's testimony at a suppression hearing, he observed a "roach clip" on a key ring which the defendant produced from his pocket, and there was a "charred residue" but no narcotic material on the end of the clip, which the officer knew from past experience was a type of instrument commonly used for smoking marijuana. The trooper further testified that he opened the driver's door on the subject vehicle very easily after having been told by the defendant that it was "jammed shut" and that his intuition told him that the defendant was "trying to hide something." As a result of the search, a brown paper bag containing several plastic bags of marijuana was discovered protruding from beneath the driver's seat, and this conviction ensued, following a decision by the trial court denying a motion to suppress the seized evidence.

The central issue to be decided on this appeal is whether the police officer who stopped the defendant's car had probable cause to search the vehicle, and we find, even accepting the trooper's testimony *in toto*, that he did not.

The law is well settled that for there to have been probable cause for the search in this case Officer Morris must have known and had reliable information about facts and circumstances "sufficient in themselves to warrant a man of reasonable caution in the belief" that a crime was being committed (*Carroll* v. *United States*, 267 U. S. 132, 162). "More than bare suspicion" was required (*Brinegar* v. *United States*, 338 U. S. 160, 175, rehearing den. 338 U. S. 839), and he must have had reasonable cause to believe "that the contents of the automobile offend[ed] against the law" (*Carroll* v. *United States, supra*, p. 159).

Here, however, the requisite facts and circumstances are simply not present. Obviously, prior to his search of the car, Officer Morris had no indication that the roach clip had recently been used for smoking marijuana by reason of its being hot or by the presence of smoke in the vehicle (cf. *People* v. *Chestnut*, 43 A D 2d 260). Nor was there any other evidence of marijuana, and the clip, the defendant's statement as to the "jammed" car door, and the trooper's intuition all taken together amount to no more than the "bare suspicion" of criminal conduct. What we have here is a calculated guess, at best, which ultimately proved to be accurate. Accordingly, the evidence seized must be suppressed and defendant released.

In conclusion, we also find that the People's contention that the defendant waived his right to appeal the denial of his

motion to suppress by pleading guilty to a reduced charge prior to the entry of the court's order denying the motion on February 20, 1974 is without merit. On January 29, 1974 the court's decision on this matter was issued, and nothing but further delay would have been accomplished by compelling the defendant to await formal entry of the order before entering his plea. Furthermore, the purpose of CPL 710.70 (subd. 2), which provides for the review of the denial of a suppression motion, was clearly effectuated in this case.

The judgment should be reversed, on the law and the facts; the order denying the motion to suppress certain evidence should be reversed, the motion granted, and the indictment dismissed.

HERLIHY, P. J., SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts; order denying motion to suppress certain evidence reversed, motion granted, and indictment dismissed.