**UNITED STATES of America,**
**Appellant,**

v.

**Henry CIOVACCO and John Stanton,**
**Defendants-Appellees.**

**No. 74–1430.**

United States Court of Appeals,
First Circuit.

Argued April 8, 1975.

Decided June 10, 1975.

Lawrence P. Cohen, Asst. U. S. Atty., Deputy Chief, Crim. Div., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for appellant.

Martin S. Cosgrove, Quincy, Mass., for Henry Ciovacco.

Mitchell Benjoya, Charles L. Field, and Zisson & Benjoya, Boston, Mass., for John Stanton.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

On the afternoon of July 25, 1973, Agents Kelley and Handcox of the Bureau of Narcotics and Dangerous Drugs were stationed at Marshfield Airport awaiting the possible arrival of a certain private plane registered to defendant Ciovacco, a commercial airline pilot, which they suspected might contain contraband. The plane landed and Ciovacco climbed out and set about securing it. Meanwhile Officer Teague of the local police arrived to assist the agents. None were in uniform. Shortly thereafter defendant Stanton drove up to the aircraft in his car. After some conversation with Ciovacco he proceeded to the administration building about 75 yards distant, while Ciovacco backed the automobile up to the aircraft and opened the trunk. Kelley walked briskly out to the plane, identified himself, and asked permission to inspect the cargo. Handcox and Teague arrived at the craft at approximately the same time but from a different direction. The court found that no weapons were visible at the time, and that Ciovacco answered "O.K." to Kelley's request and opened the plane's baggage door himself. Having made detailed findings, the court concluded that Ciovacco's consent was not voluntary and granted defendants' motion to suppress.

■■ The court was rightly concerned by the burden of proof language in *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), and *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Nevertheless, although the case is a close one, our own analysis of the district court's admirably fair and comprehensive findings of fact lead us to conclude that the government maintained its burden of proving Ciovacco's consent uncoerced under the "totality of all the circumstances" criterion of *Schneckloth.* The evidence revealed that the agents employed no force or threats in seeking permission to inspect the aircraft. Ciovacco agreed without apparent hesitation and in fact produced the keys and opened the compartment himself. Many recent cases have held that consent given in closely analogous circumstances is voluntary. *See, e. g., Schneckloth v. Bustamonte, supra; United States v. Judge,* 501 F.2d 1348 (5th Cir. 1974); *United States v. DeMarco,* 488 F.2d 828 (2d Cir. 1973); *United States v. Crain,* 485 F.2d 297 (9th Cir. 1973); *Leavitt v. Howard,* 462 F.2d 992 (1st Cir. 1972); *United States v. Fields,* 458 F.2d 1194 (3d Cir. 1972); *Government of the Virgin Islands v. Berry,* 385 F.Supp. 134 (D.V.I.1974); *United States v. Kohn,* 365 F.Supp. 1031 (E.D.N.Y.1973), aff'd mem., 495 F.2d 763 (2d Cir. 1974). The court noted that several of the cases finding voluntary consent have relied on the fact that the defendant was engaged in an exculpatory stratagem.* We have held, however,

---

* The court also noted that *DeMarco, supra,* was distinguishable because of the "amiability" prevailing between defendant and the police.

While the court in that case did in reciting the facts characterize the few moments of conversation between the parties as "from all

that knowledge that a search will inevitably prove incriminating does not negate the possibility that consent is voluntary and not the product of coercion. "[T]he pressure exerted on a criminal by the realization that the jig is up is far different from the deliberate or ignorant violation of personal right that renders apparent consent ineffective." *Gorman v. United States*, 380 F.2d 158, 165 (1st Cir. 1967). This principle is no less true after *Schneckloth*. *See Government of the Virgin Islands v. Berry, supra; United States v. Kohn, supra.*

The only fact found by the court tending to support its conclusion that Ciovacco's consent was coerced was his ignorance of his right to withhold it. The courts in several of the cases above have validated consents of persons not apprised, and presumably unaware, of their right to withhold their consent. *See Schneckloth v. Bustamonte, supra; United States v. DeMarco, supra; Government of the Virgin Islands v. Berry, supra.* Since the defendants in these cases were more likely by reason of age, education, and socioeconomic status to find the police request to inspect coercive than Ciovacco, we do not believe that his ignorance alone could outweigh the other convincing indicia of voluntariness.

We recognize that in holding on similar facts in *Leavitt, supra,* that the state court's finding of voluntariness was not clearly erroneous, we stated in dictum that such a finding was not compelled, 462 F.2d at 998, though we also noted that the record did not leave us with "any conviction, much less a firm one, that the state court was mistaken," *id.* at 996. However, while that case was stronger for voluntariness in some respects (the defendant had a possible exculpatory motive for consenting and had been warned of his rights beforehand) it was weaker in others (the defendant, only 20 years of age, had been wounded while committing the crime, taken to the hospital, and thereafter invited to the police station where he was informed he

accounts amiable," it is not clear that it was any less so in the present case, and the hold-

was suspected of murder and told to empty his pockets before being asked to consent to the search). The facts as found by the court below do not sufficiently distinguish the instant case from those cited above. We reverse and remand with instructions to deny the motion to suppress, and therefore need not consider defendant Stanton's standing to make the motion.

Reversed and remanded.

ing in *DeMarco* did not turn on this characterization.