■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD BALDON, Appellant.—Judgment reversed, on the law, motion to suppress granted and indictment dismissed. Memorandum: This is an appeal from a judgment of conviction, following a denial of a motion to suppress, upon a plea of guilty to attempted criminal possession of a controlled substance in the seventh degree. The sole question presented is whether the mere presence of "zig-zag" cigarette rolling paper on the floor of an automobile presents the requisite facts and circumstances to justify a finding of probable cause to search the vehicle and its occupants. We conclude that it does not. On March 22, 1974 at approximately 9:30 P.M. two Buffalo Police Department officers while on patrol observed an automobile parked on the sidewalk with its lights and engine off. One officer approached the person sitting in the driver's seat and asked to see his license and registration. Following the officer's request, the driver got out of the car and produced a valid license and registration. The officer testified at the hearing on the motion to suppress that he observed "zig-zag" cigarette rolling paper on either the seat or the floor where the driver had been sitting. He immediately ordered the three other occupants out of the car and the two officers began to "frisk" or "search" them. The officer further testified that his partner found a bag of marijuana in the trousers of the defendant. The second officer, however, did not testify at the hearing. Defendant was arrested at the scene and taken into custody. The testifying officer readily conceded that the sole reason the occupants were ordered from the car and searched was because the packet of rolling paper had been observed in the automobile. He stated that all the occupants had been co-operative and responded to the order to get out of the car and submit to the search and that, other than the marijuana, no other contraband was found. The fact that a police officer has knowledge that marijuana is often used in conjunction with cigarette rolling paper is insufficient to sustain a finding that there is probable cause to believe that criminal activity is occurring.

Cigarette rolling paper is a commodity that is openly bought and sold in the marketplace. By definition it is associated and commonly used in a totally innocent manner. That it also may be frequently used in the furtherance of an illicit scheme cannot, as a matter of law, without more, provide the basis for a finding of probable cause to search without a warrant. Thus, we conclude that the officer's observation of "zig-zag" cigarette rolling papers in the car, although arguably suspicious, is susceptible of various innocent interpretations. Suspicion alone does not constitute probable cause to search *(People v Brown,* 24 NY2d 421, 425). In order to raise the status of equivocal behavior from mere suspicion to probable cause more need be shown (cf. *People v Cohen,* 23 NY2d 674; *People v Smith,* 21 NY2d 698). Since the occupants of the car were co-operative and readily acquiesced to the officers' demands, their behavior did not furnish the officers with supplemental reason to raise the level of their inference from suspicion to probable cause *(People v Russell,* 34 NY2d 261; *People v Corrado,* 22 NY2d 308; *People v Franklin,* 46 AD2d 189). Further, reliance by the People on CPL 140.50 to justify the search is misplaced. The police officers did not demand an explanation from the occupants of the automobile of their alleged equivocal behavior and no evidence whatever was adduced or any reasonable belief articulated which would lead the police officers to believe that the occupants of the car were engaged in the commission of a felony or of a class A misdemeanor so as to justify a search for weapons. While the officers' investigatory stop was valid, the subsequent observations and inquiries were far too sparse and equivocal to raise that suspicion beyond a "calculated guess, at best" *(People v Franklin,* 46 AD2d 189, 190, *supra)* to the requisite standard of probable cause *(Brinegar v United States,* 338 US 160), without which the subsequent search and arrest must fall. All concur except Moule, J. P. who dissents and votes to affirm the judgment in the following memorandum: The facts here are sufficient to give rise to more than a mere suspicion in the police officers' minds that marijuana might be found. Here the arresting officers came upon an automobile in which four men were sitting, parked at night with its lights off, adjacent to a tavern. One of the officers testified that he had previously seen criminal activities under such conditions. Although a police officer is entitled to draw upon his whole experience as a criminal investigator in concluding that probable cause exists to search in a given situation *(People v Russell,* 34 NY2d 261), the suspicious circumstances under which the automobile was found might not, in themselves, justify a search. Something more than mere suspicion is necessary to establish probable cause *(People v Russell, supra; People v Corrado,* 22 NY2d 308). The necessary additional factor was provided when the driver of the automobile opened the door and thus revealed a quantity of cigarette papers on the floor. The officer who testified said that such papers were often employed in the use of marijuana. At that point there was probable cause to believe that the initial suspicion of criminal activity was well founded. Circumstances which would lead a reasonably cautious and prudent police officer to believe that a crime has been or is in the process of being committed justified a search *(People v Valentine,* 17 NY2d 128; *People v Marshall,* 13 NY2d 28). (Appeal from judgment of Supreme Court, Erie County, convicting defendant of attempted criminal possession of a controlled substance, seventh degree.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.