COMMONWEALTH *vs.* RONALD CANTALUPO. May 29, 1979. The defendant is appealing from a conviction on a complaint charging possession of a controlled substance (LSD). G. L. c. 94C, § 34. The defendant's contentions center on the incidents surrounding the search of his person by police officers whereby a vial containing the controlled substance was discovered in his left shoe.

As we think that the Commonwealth cannot show that the search of the defendant was made on the basis of probable cause (see *Commonwealth* v. *Anderson,* 366 Mass. 394, 397-398 [1974], and cases cited), we do not pause to discuss this aspect of the judge's findings. See *Commonwealth* v. *Silva,* 366 Mass. 402, 404-405 (1974). Our analysis begins with the stop of the defendant, which we believe the police could properly do, as it was merely a threshold inquiry of the defendant whether he was selling drugs. *Commonwealth* v. *Lehan,* 347 Mass. 197, 201-206 (1964). See *Terry* v. *Ohio,* 392 U.S. 1, 22 (1968). See also *Adams* v. *Williams,* 407 U.S. 143, 146-147 (1972). But see *Sibron* v. *New York,* 392 U.S. 40, 64 (1968). Thus, the only relevant question remaining to be answered in those circumstances is whether the defendant consented to the search. See *Bumper* v. *North Carolina,* 391 U.S. 543, 548 (1968). The judge found that "the defendant freely and voluntarily gave the officers his consent to be searched." See *Schneckloth* v. *Bustamonte,* 412 U.S. 218, 227-229 (1973). There is ample support in the record to warrant the judge's finding. See *Commonwealth* v. *Cruz,* 373 Mass. 676, 682 n.3 (1977); *Commonwealth* v. *Harmond,* 376 Mass. 557, 561-562 (1978); *United States* v. *Ciovacco,* 518 F.2d 29, 30-31 (1st Cir. 1975). The case of *Massachusetts* v. *Painten,* 368 F.2d 142, 143-144 (1st Cir. 1966), cert. dismissed, 389 U.S. 560 (1968), is distinguishable because there, unlike here, the police had no prior knowledge of any link between the defendants and the crime under investigation, and there was no statement by the police officers of their purpose for approaching the defendants. Moreover, here we are dealing with an on-the-street encounter, whereas *Painten* involved the question of consent to search a suspect's domicile.

We are unable to say on this record that the scope of the search of the defendant was unreasonable or that it exceeded the scope of the defendant's consent manifested by his words ("Hey, I'm clean, search me") and by his contemporaneous gesture of opening both sides of his jacket. Contrast *Commonwealth* v. *McGrath,* 365 Mass. 631 (1974). See also *Gorman* v. *United States,* 380 F.2d 158, 165 (1st Cir. 1967). Moreover, for all that appears, from the defendant's substitute bill of exceptions, there was no protest at any time during the search concerning the manner or extent to which the officers probed. Nor is there anything to suggest that contrary to the judge's specific finding, the defendant withdrew "the consent he gave."

We conclude that in these circumstances the defendant's motion to suppress was properly denied. See *Commonwealth* v. *Aguiar,* 370 Mass. 490, 496-497 (1976).

The contention raised in the substitute bill of exceptions relative to the evidentiary question was not argued and is therefore deemed to

have been waived. Rule 1:13 of the Appeals Court, as amended, 3 Mass. App. Ct. 801 (1975).

*Exceptions overruled.*

*Hans R. Hailey* for the defendant.

*Michael J. Traft,* Assistant District Attorney (*Carol Anne Fagan* with him) for the Commonwealth.