779 P.2d 538

STATE of New Mexico, Petitioner,

v.

Lucio PENA, Respondent.

No. 18117.

Supreme Court of New Mexico.

May 31, 1989.

Rehearing Denied July 18, 1989.

Hal Stratton, Atty. Gen. and Gail Mac-Questen, Asst. Atty. Gen., Santa Fe, for petitioner.

Max Houston Proctor and Theodore R. Johnson, Hobbs, for respondent.

## OPINION

STOWERS, Justice.

We granted certiorari to determine whether the discovery of a roach clip with marijuana residue on it in the ashtray of defendant-respondent's, Lucio Pena's, vehicle gave the officers probable cause to search the interior of that vehicle.

The court of appeals in its opinion set forth the facts relevant to this inquiry as follows. On May 19, 1986, New Mexico State Police Officers Clifford Frisk and Norman Denton conducted a roadblock at U.S. Highway 62/180 and Marathon Road in Lea County, New Mexico. Pena's vehicle was stopped at the roadblock and, pursuant to Officer Frisk's request, respondent produced a valid driver's license, motor vehicle registration, and proof of insurance. Thereafter, Frisk asked Pena if he could look in the vehicle's ashtray. Pena handed the ashtray to the officer who found a roach clip with residue on it among the coins therein. A field test revealed that the residue was marijuana. Pena was issued a non-traffic citation to appear in court.

Subsequently, Frisk searched the interior of the vehicle, including a brown paper sack. Pena objected to the search of the paper sack maintaining it was "personal." Nonetheless, Officer Frisk opened the sack, which contained scales with cocaine residue, a jar with cocaine residue, and a number of empty small plastic bags.

Pena was immediately placed under arrest. A pat-down search at the scene revealed two packets of cocaine, a straw with cocaine residue, and $1,997.91 in cash. After the arrest, Frisk voided the non-traffic citation and transported Pena to New Mexico State Police headquarters. An inventory search of the vehicle, which was started at the scene, was completed at the police station. That search revealed twenty-six one-gram packets of cocaine in a tissue box.

Pena filed a motion to suppress all the evidence claiming it was obtained as a result of an unreasonable and illegal search without a search warrant. The motion was denied. The trial court found that "Officer Frisk, asked defendant if he could look in [the] ashtray and defendant gave [his] consent, removing the ashtray and handing it to Officer Frisk." After a trial to the court, Pena was found guilty of trafficking a controlled substance, cocaine, by possession with intent to distribute, and possession of drug paraphernalia.

In a 2–1 decision, the court of appeals reversed the trial court and remanded the cause for a new trial. The appellate court held that although the search of the ashtray was valid based on Pena's consent, the subsequent search of the paper bag and the evidence discovered thereafter did not fall within an exception to the warrant requirement. The dissent agreed with the majority "that defendant validly and voluntarily consented to a search of the ashtray wherein Officer ... Frisk discovered drug paraphernalia in the form of an alligator or roach clip." It disagreed, however, with the conclusion that the discovery of the roach clip with residue that tested positive for marijuana did not provide probable cause to believe there was contraband inside Pena's vehicle. We agree with the dissenting opinion that the residue of marijuana did provide probable cause to justify a warrantless search under the automobile exception to the warrant requirement. We reverse the court of appeals and affirm the trial court.

As stated in the court of appeals' opinion, it has long been the rule that warrantless searches are *per se* unreasonable under the fourth amendment of the United States Constitution. *See State v. Capps*, 97 N.M. 453, 455, 641 P.2d 484, 486, *cert. denied*, 458 U.S. 1107, 102 S.Ct. 3486, 73 L.Ed.2d 1368 (1982); *State v. Ruffino*, 94 N.M. 500, 501, 612 P.2d 1311, 1312 (1980); *see also* N.M. Const. art. II, § 10. This rule is subject to few exceptions. One of the exceptions of the warrant requirement is the "automobile exception," which arises when police officers have probable cause to believe there is contraband inside a vehicle stopped on the road. *United States v. Lopez*, 777 F.2d 543, 550 (10th Cir.1985); *cf. State v. Sandoval*, 92 N.M. 476, 478, 590 P.2d 175, 177 (Ct.App.1979) (exigent circumstances are not required for the search of a vehicle stopped on a public highway where there is probable cause for the search). Under the automobile exception, the police officer's conduct in searching the interior of Pena's vehicle was proper if it was supported by probable cause. At issue in this case is not the validity of the roadblock or the consensual search of the ashtray, but rather, whether the roach clip with its marijuana residue was sufficient to establish probable cause. The court of appeals opined that:

> The probable cause requirement is satisfied when the officers conducting the search have "reasonable or probable cause" to believe that they will find the instrumentality of a crime or evidence pertaining to a crime before they begin their warrantless search. And, if after a valid investigatory stop, probable cause then arises, a search may be made. [Citations omitted.]

*United States v. Matthews*, 615 F.2d 1279, 1287 (10th Cir.1980). In other words, probable cause arises where the facts and circumstances warrant a prudent person in believing that an offense has been or is being committed. *State v. Snedeker*, 99 N.M. 286, 290, 657 P.2d 613, 617 (1982); *see Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). "More specifically, probable cause must be evaluated in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer." *Lopez*, 777 F.2d at 551.

Applying these standards, the court of appeals reasoned that the observation of a roach clip did not establish probable cause for a search "[i]n the absence of evidence tending to show its recent use or its use by occupants of the car." The appellate court then concluded that since "[t]he officer had no reason to believe that the roach clip had been used so recently that contraband might still be in the car," the search of the car and paper sack could not be justified. The conclusion, as pointed out in the dissenting opinion, overlooked certain critical facts. It was the presence of narcotics material on the roach clip, and not merely the roach clip, that tied it to illegal use and gave rise to probable cause for the search.

As enunciated in the dissent, the court of appeals' reliance on *People v. Franklin*, 46 A.D.2d 189, 362 N.Y.S.2d 34 (1974), is not dispositive of this case. In *Franklin*, which held the warrantless search unlawful, the police officer "observed 'a roach clip' on a key ring which the defendant produced from his pocket, and there was a 'charred residue' *but no narcotic material*

*on the end of the clip,* which the officer knew from past experience was a type of instrument commonly used for smoking marijuana." *Franklin,* at 190, 362 N.Y. S.2d at 35 (emphasis added). The dissent reasoned that "since clips can apparently be used for legitimate purposes, the New York [appellate] court correctly dismissed as insufficient the clip itself as providing probable cause, without 'indication that the roach clip had recently been used for smoking marijuana by reason of its being hot or by the presence of smoke in the vehicle.'" The dissent concluded that in *Franklin,* "the court was simply saying that, without narcotics material, something more must be shown to tie the roach clip to illegal use, *i.e.,* it being hot or warm from recent use or smoke in the car. That something more is present in the case before us." *Cf. People v. Jenkins,* 77 A.D.2d 353, 432 N.Y.S.2d 956 (1980) (observation of a "hash pipe" with marjiuana residue provided probable cause to seize it and arrest defendant); *State v. Durrell,* 111 R.I. 582, 305 A.2d 104 (1973) (defendant's possession of a brass pipe which the officer knew from his experience and training was used for the purpose of smoking marijuana provided probable cause to seize the evidence).

In the present case, Officer Frisk testified that the roach clip had a "brown loop kind of thing" which was consistent with what he knew from training and experience was used for smoking marijuana. The field test conducted on the residue tested positive for marijuana. Discovery of the marijuana on the roach clip provided the officers with probable cause to search the vehicle, including the brown paper bag. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982); *see also Capps,* 97 N.M. at 457, 641 P.2d at 488 (officer making lawful warrantless search of automobile could search entire vehicle including containers to locate contraband).

We reverse the court of appeals and affirm the conviction by the trial court.

IT IS SO ORDERED.

SCARBOROUGH and BACA, JJ., concur.

RANSOM, J., specially concurs.

SOSA, C.J., dissents.

RANSOM, Justice (specially concurring).

I concur only in the result of the majority opinion. We should avoid confusion between warrantless searches incident to an arrest, and warrantless searches of automobiles based on probable cause arising from observation of paraphernalia. Rather than to rely on the arrest cases cited in the majority opinion (*People v. Jenkins,* 77 A.D.2d 353, 432 N.Y.S.2d 956 (1980), and *State v. Durell,* 111 R.I. 582, 305 A.2d 104 (1973)), I specially concur in reliance upon cases that hold there is probable cause to conclude small amounts of contraband might be in the passenger compartment of a vehicle when a police officer observes drug paraphernalia that, based on the officer's training, shows signs of illegal use. *See Garrett v. Goodwin,* 569 F.Supp. 106, 120 (E.D.Ark.1982); *People v. Superior Court,* 8 Cal.App.3d 398, 87 Cal.Rptr. 283 (1970). In my opinion, the reasoning of these cases applies equally when a reliable field test of residue is positive for marijuana.

SOSA, Chief Justice (dissenting).

I hereby adopt as my dissent the majority opinion of the court of appeals as appended herein in full.

## APPENDIX

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

State of New Mexico, Plaintiff–Appellee,

vs.

LUCIO PENA, Defendant–Appellant.

No. 10,298

Oct. 27, 1988

Appeal From The District Court of Lea County Patrick J. Francoeur, Judge.

HAL STRATTON, Attorney General

GAIL MacQUESTEN, Assistant Attorney General, Santa Fe, New Mexico, Attorneys for Plaintiff–Appellee

THEODORE R. JOHNSON, Hobbs, New Mexico

MAX HOUSTON PROCTOR

Hobbs, New Mexico, Attorneys for Defendant–Appellant.

## OPINION

MINZNER, Judge.

Defendant appeals his convictions for trafficking a controlled substance, cocaine, by possession with intent to distribute, and for possession of drug paraphernalia. His convictions were based on evidence obtained after his vehicle was stopped at a roadblock and then searched. Defendant contends the trial court erred in denying his motion to suppress because (1) the roadblock was unconstitutional, and (2) the evidence was obtained in a warrantless search, to which he had not consented. We conclude that the search of the vehicle cannot be sustained, whether or not the roadblock was valid. We reverse and remand.

## I. FACTS.

On May 19, 1986, New Mexico State Police Officers Clifford Frisk (Frisk) and Norman Denton (Denton) conducted a roadblock at U.S. Highway 62/180 and Marathon Road in Lea County, New Mexico. Defendant's vehicle was stopped at the roadblock and, pursuant to Frisk's request, defendant produced a valid driver's license, motor vehicle registration, and proof of insurance. Thereafter, Frisk asked defendant if he could look in the vehicle's ashtray, which was half-full of coins. Defendant responded by handing the ashtray to Frisk. The officer used his pen to poke around the ashtray and found a roach clip, which tested positive for marijuana residue. Defendant was issued a non-traffic citation to appear in court.

After issuing the citation, Frisk conducted a search of the rest of the vehicle.

While conducting the search, he observed a brown paper sack on the back seat of the vehicle. Defendant objected to a search of the paper sack, maintaining it was "personal." Frisk nevertheless opened the paper sack, which contained scales with cocaine residue, a jar with cocaine residue, and a number of empty plastic bags.

Defendant was immediately placed under arrest and patted down. Two packets of cocaine, a straw with cocaine residue, and $1,997.91 in cash were found on defendant. At some point after the arrest, Frisk voided the non-traffic citation and transported defendant to New Mexico State Police headquarters. Frisk and Denton began an inventory search of the vehicle at the scene; it was continued at the police station. The search revealed twenty-six one-gram packets of cocaine in a Kleenex box.

Defendant subsequently filed a motion to suppress all the evidence, maintaining it was obtained as a result of an "unreasonable[,] illegal, and void search of the person of the defendant and his vehicle without a search warrant." At the hearing on defendant's motion, Frisk maintained that defendant not only verbally consented to the search but also helped him conduct it. He also testified that the roach clip was in plain view. Defendant denied consenting. Instead, defendant contended that Frisk said he had probable cause to search the rest of defendant's vehicle, because defendant had signed the citation. The motion was denied, and the case was tried to the court. Defendant was found guilty of trafficking a controlled substance, cocaine, by possession with intent to distribute, and possession of drug paraphernalia. We cannot tell from the record whether defendant's conviction for possession of drug paraphernalia was based in part on the roach clip.

The trial court found that "Officer Frisk asked defendant if he could look in his ashtray and defendant gave consent, removing the ashtray and handing it to Officer Frisk." The trial court also found that the roach clip was discovered by "digging around in the ashtray." The trial court did not rule, and the state did not request a

finding, that defendant had consented to a search of his vehicle.

## II. THE VALIDITY OF THE SEARCHES.

Defendant contends that the evidence should have been suppressed because the roadblock was established and utilized as a pretext to search for drugs. He also contends he did not consent to a search of the ashtray, his person, or his vehicle. Defendant maintains that, when he handed Frisk the ashtray, he was merely complying with a request, and compliance is not the equivalent of consent. The state contends that defendant consented to the search of the ashtray and that, after the roach clip was found, Frisk had probable cause to search the rest of the car, including the paper sack. Alternatively, the state contends that the search of the paper sack was a proper search incident to an arrest.

We first discuss the validity of the ashtray search. Because we conclude that there is substantial evidence to support the trial court's finding of consent, we do not reach the issue of whether the roadblock was valid. We also discuss the state's contention that the fruits of this search provided probable cause to search the car, and its alternative argument that the search of the paper sack was a proper search incident to an arrest. Finally, we discuss the issue of whether the trial court's ruling can be sustained on the ground that defendant gave a general consent to search his vehicle.

### A. Consent to Search Ashtray.

New Mexico follows the rule that a voluntary consent can validate what might otherwise be an illegal search and seizure. *State v. Cohen,* 103 N.M. 558, 711 P.2d 3 (1985), *cert. denied,* 476 U.S. 1158, 106 S.Ct. 2276, 90 L.Ed.2d 719 (1986). Whether consent is voluntary is a question of fact to be determined from the totality of the circumstances. *Id.* In the absence of a warrant, the burden is on the state to show by clear and convincing evidence that, under the totality of the circumstances, consent was given fully and was sufficient to en-

compass the search that followed. *State v. Valencia Olaya,* 105 N.M. 690, 736 P.2d 495 (Ct.App.1987). It is for the trial court to weigh the evidence, determine its credibility, and decide whether the evidence is sufficient to clearly and convincingly establish that consent was given voluntarily. *Id.* Since the trial court found consent to search the ashtray, the question is whether there is substantial evidence to support that finding. We believe there is.

Consent may be inferred from action. *See United States v. Miller,* 589 F.2d 1117 (1st Cir.1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771 (1979) (the defendant unlocked the incriminating bag, having denied knowledge or interest in the luggage); *United States v. Bertucci,* 532 F.2d 1144 (7th Cir.), *cert. denied,* 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976) (defendant opened the rear door of his van in response to a policeman's request to search the vehicle more closely). When he handed the ashtray to Frisk, defendant's actions indicated he had consented to a search of its contents. *See State v. Bloom,* 90 N.M. 192, 561 P.2d 465 (1977) (holding that where defendant stated he opened his car trunk because the field officer said he wanted to look in the trunk, the trier of fact could find consent to look into and make a search of the trunk); *State v. Valencia Olaya* (finding that a failure to object to the continuation of a search may be considered an indication that the search was within the scope of the consent). Defendant's actions support an inference of consent, as well as a determination that his consent was voluntary.

Having determined that defendant validly and voluntarily consented to a search of his ashtray wherein the officer discovered drug paraphernalia, we do not discuss whether the roadblock was constitutional. Once defendant voluntarily consented to the search of his ashtray, his consent validated what may otherwise have been an illegal search. *See State v. Cohen.* For this same reason, we need not discuss the state's suggestion that the trial court erred in failing to find that the roach clip was in plain view.

## B. Probable Cause to Search Vehicle.

The rule that warrantless searches are per se unreasonable and thus violate the fourth amendment of the United States Constitution is subject to several exceptions. *State v. Ruffino,* 94 N.M. 500, 612 P.2d 1311 (1980). One of these exceptions is the "automobile exception," which arises when police officers have probable cause to believe that there is contraband inside a vehicle stopped on the road. *United States v. Lopez,* 777 F.2d 543 (10th Cir.1985).

*United States v. Matthews,* 615 F.2d 1279, 1287 (10th Cir.1980), sets forth the following regarding the finding of probable cause for a warrantless search under the automobile exception:

> The probable cause requirement is satisfied when the officers conducting the search have "reasonable or probable cause" to believe that they will find the instrumentality of a crime or evidence pertaining to a crime before they begin their warrantless search. And, if after a valid investigatory stop, probable cause then arises, a search may be made. [Citation omitted.]

In order for probable cause to arise, the facts and circumstances must warrant a prudent man in believing that an offense has been or is being committed. *See Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). More specifically, probable cause must be evaluated in relation to the circumstances as they would have appeared to a prudent, cautious, and trained police officer. *United States v. McCormick,* 468 F.2d 68 (10th Cir.1972), *cert. denied,* 410 U.S. 927, 93 S.Ct. 1361, 35 L.Ed.2d 588 (1973). More than bare suspicion is required. *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 *reh'g denied,* 338 U.S. 839, 70 S.Ct. 31, 94 L.Ed. 513 (1949).

Applying these standards, other jurisdictions have held that certain equipment, such as a roach clip or similar device, is so uniquely suited to marijuana smoking that its viewing alone may provide a basis for arresting the possessor. *See State v. Durrell,* 111 R.I. 582, 584, 305 A.2d 104, 105 (1973) (youth had a brass pipe and the officer testified "he knew from experience as a police officer that the pipe was a device frequently used for the smoking of marijuana and that he had acquired knowledge of this fact in the course of his training as a policeman"); *see also* 2 W. LaFave, *Search and Seizure,* § 3.6(b) (2d ed. 1987).

The observation of this type of device, however, does not establish probable cause for a search, at least in the absence of other evidence tending to show its recent use. *See People v. Franklin,* 46 A.D.2d 189, 190, 362 N.Y.S.2d 34, 36 (1974) (roach clip with charred residue was not sufficient to search car as the officer "had no indication that the roach clip had recently been used for smoking marijuana by reason of its being hot or by the presence of smoke in the vehicle"); *People v. Baldon,* 51 A.D.2d 880, 380 N.Y.S.2d 181 (1976) (rolling papers in car not sufficient to give probable cause for search); *State v. Haselhorst,* 218 Neb. 233, 353 N.W.2d 7 (1984) (probable cause found where the officer viewed glass water pipe with black residue, where officer knew from experience that this type of pipe was commonly used to smoke marijuana, and where officer detected marijuana odor); *Wimberly v. Superior Court,* 16 Cal.3d 557, 128 Cal.Rptr. 641, 547 P.2d 417 (1976) (In Bank) (marijuana seeds and pipe smelling of burnt marijuana in car, which had been operated erratically, sufficient for search of the car, but not the trunk). While it is settled that the detection of raw marijuana odor by an experienced observer furnishes probable cause to search, *see United States v. Lopez; State v. Capps,* 97 N.M. 453, 641 P.2d 484, *cert. denied,* 458 U.S. 1107, 102 S.Ct. 3486, 73 L.Ed.2d 1368 (1982); *State v. Sandoval,* 92 N.M. 476, 590 P.2d 175 (Ct.App.1979), the observation of the clip with residue is not sufficient.

In the absence of evidence tending to show its recent use or its use by occupants of the car, the clip itself does not furnish probable cause to search. *See People v. Franklin.* The presence of marijuana residue shows only that the clip had been used for smoking marijuana at some time. The officer had no reason to believe that the

roach clip had been used so recently that contraband might still be in the car. Thus, the search of the car and the paper sack cannot be justified by the finding of a roach clip with marijuana residue.

For the officer to come to this conclusion, it seems to us that he would have had to surmise that someone who smoked marijuana at one time in or near his car would carry it or other contraband in the car at another time. That is too close to a presumption that someone who has committed one crime is likely to have committed another. To so conclude, in our judgment, involves speculation that should not form the basis for probable cause.

There was no evidence, or reasonable belief of the officer, that people who carry roach clips in their cars will usually also have marijuana or other drugs in their cars. In the absence of such, we do not believe that the officer had any more cause to search for drugs than an officer would have to search for beer because he saw a styrofoam sleeve, such as is used to keep beer cans cold, with a beer can in it on the floorboard of the car. Under these circumstances, we do not believe an officer would have probable cause to believe the car contained more beer.

Defendant's refusal to consent to a search of the paper sack does not aid in showing probable cause to search. *See State v. Wise,* 72 Or.App. 58, 695 P.2d 68 (1985). A defendant has a right to refuse to consent to a warrantless search without such refusal later being used to implicate his guilt. *Garcia v. State,* 103 N.M. 713, 712 P.2d 1375 (1986). "If the government could use such a refusal against the citizen, an unfair and impermissible burden would be placed upon the assertion of a constitutional right...." *United States v. Prescott,* 581 F.2d 1343, 1351 (9th Cir.1978).

### C. Search Incident to Arrest.

The state also attempts to validate the search of the paper sack as a search incident to arrest. The state argues that although the officer did not arrest the defen-

dant until after the contraband was found in the paper sack, the officer could have arrested defendant for possession with intent to use drug paraphernalia upon finding the roach clip in the ash tray. Therefore, the state maintains that because defendant could have been arrested prior to the search, the search is valid as incident to arrest. We are not persuaded.

A search "can be incident to an arrest only if it is substantially contemporaneous with the arrest...." *Shipley v. California,* 395 U.S. 818, 819, 89 S.Ct. 2053, 2054, 23 L.Ed.2d 732 (1969) (quoting *Stoner v. California,* 376 U.S. 483, 486, 84 S.Ct. 889, 891, 11 L.Ed.2d 856 (1964)). If the police conduct a warrantless search of a person and find evidence of a crime in the course of that search and then place the individual searched under arrest, the search may not be justified as being incident to the subsequent arrest if the arrest is based upon the fruits of the prior search. *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); 2 W. LaFave, *supra,* § 5.4(a). However, when the fruits of the search are not necessary to support probable cause to arrest, then the formal arrest may follow the search. *See Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).

Defendant was not arrested until after the cocaine was found. *See State v. Harrison,* 95 N.M. 383, 622 P.2d 288 (Ct.App. 1980). Moreover, the officer had no intent to arrest defendant until after the cocaine was found. In fact, the officer issued defendant a non-traffic citation to appear in court; clearly, the officer did not contemplate an arrest. Thus, this search may not be justified as incident to an arrest.

### D. Consent to a General Search.

We have held that defendant consented to the search of his ashtray. The undisputed evidence, however, raises a further question: whether defendant consented to a search of the rest of the car and the paper sack. We should sustain the trial court if the result is correct. *See State v. Beachum,* 83 N.M. 526, 494 P.2d 188 (Ct. App.1972).

Where the defendant has taken an active role in the search itself, that fact would strengthen a finding of voluntary consent. *See generally* 3 W. LaFave, *Search and Seizure* § 8.2(g) (2d ed. 1987). *See United States v. Lopez* (upholding a finding of voluntary consent to a roadside search of vehicle where defendant agreed to the search in response to the officer's request, stood and watched officers as they searched the vehicle, and at no time objected); *United States v. Judge*, 501 F.2d 1348, 1349 (9th Cir.1974) (the defendant "readily agreed to the search of his pickup, performing the physical act of unlocking the back cover himself."). Defendant's cooperation in this case is evidence that, if consent was given, it was voluntary.

However, both defendant and Frisk testified that while defendant may have assisted in the search of the vehicle by unlocking the passenger door and moving the seat forward, defendant affirmatively requested that Frisk not look inside the paper sack. The scope of a consent search is limited by the actual consent given. *State v. Valencia Olaya*. A search beyond the scope of consent is not pursuant to a voluntary consent. *Id.* Further, an express or implied consent to a warrantless search may be revoked, thereby terminating the authority of the police to continue the warrantless search. *State v. Rusho*, 110 Idaho 556, 716 P.2d 1328 (Ct.App.1986); *see United States v. Torres*, 663 F.2d 1019 (10th Cir.1981), *cert. denied*, 456 U.S. 973, 102 S.Ct. 2237, 72 L.Ed.2d 847 (1982). We believe that the evidence shows the search was beyond the scope of any implied consent.

Alternatively, even if defendant had consented to a thorough search of his vehicle, he withdrew his consent prior to Frisk's search of the paper bag. In this respect, this case is similar to *Goldberg v. State*, 407 So.2d 352 (Fla.App.1981), where the court considered an incident in which, during a consensual search of defendant's luggage, a police officer pulled a soft, oblong-shaped package from a shirt pocket. At that point, defendant said, " 'Hey, that is my personal stuff.' " *Id.* at 352. The officer stated that she could not see the contents of the package and admitted that only a hunch suggested it might contain contraband. The court held that defendant had withdrawn his consent to the search before the police developed probable cause to believe that he possessed contraband. Here, because the testimony regarding defendant's request that the officer not look in the paper sack is without conflict, it was error to submit the contents of the paper sack into evidence. *See id.*

Further, any additional evidence obtained after the illegal seizure must be suppressed as the fruit of an illegal detention. *See United States v. Recalde*, 761 F.2d 1448 (10th Cir.1985). A search unlawful at its inception may not be validated by the evidence found in the search. *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). Thus it was error to admit all the evidence obtained after the arrest.

### III. CONCLUSION.

The warrantless search of defendant's car can be upheld only if an exception to the warrant requirement applies. For the reasons stated above, none of the exceptions apply. Under these circumstances, it was error to deny defendant's motion to suppress the evidence found in the paper bag and subsequently. The search of the ashtray was valid, because based on consent. Thus, it was not error to deny the motion with respect to the roach clip. Under these circumstances, the case must be remanded for a new trial. Therefore, both convictions are reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

/s/ Pamela B. Minzner
PAMELA B. MINZNER, Judge

I CONCUR:

/s/ Rudy S. Apodaca
RUDY S. APODACA, Judge

WILLIAM W. BIVINS, Judge, dissenting.