This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41406**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**KALEB LOREN BEGAY,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**R. David Pederson, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to this Court's Notice of Assignment to the General Calendar with modified briefing schedule, entered September 30, 2022. After due consideration, we conclude that the briefing submitted to this Court provides no possibility for reversal, such that the case is appropriate for resolution on Track 1.

**{2}** Pursuant to a conditional plea, Defendant appeals his convictions for DWI (first offense) and an open container violation. On appeal Defendant contends that his right

to a speedy trial was violated. For the reasons that follow, we are unpersuaded. We therefore affirm.

**BACKGROUND**

**{3}**     Because this is an unpublished memorandum opinion written solely for the benefit of the parties and the parties are familiar with the relevant particulars, we set out only a brief background section and, where appropriate, reference the factual and procedural history in our analysis.

**{4}**     The underlying criminal proceedings were initiated in magistrate court following Defendant's arrest on October 2, 2022, and arraignment the following day. [BIC 1; RP 35] Defendant filed a motion to suppress roughly four months later. [BIC 3; RP 42] The State promptly filed a nolle prosequi and refiled the charges in district court. [BIC 3; RP 5, 35] In compliance with Rule 5-604(A) NMRA, the State duly noted that the case had been refiled and that the deadline for trial in magistrate court was April 6, 2023. [RP 5] The matter did not proceed to a trial on the merits prior to that date, and on April 17, 2023, Defendant filed a motion to dismiss for violation of his right to a speedy trial. [RP 35-39] The State responded in opposition, [RP 54-59] and a hearing was conducted on June 1, 2023, in the course of which the district court considered the arguments and ultimately denied the motion. [RP 65-71] Defendant subsequently entered a no-contest plea, reserving the right to challenge the district court's ruling on the motion to dismiss. [RP 63-64]

**DISCUSSION**

**{5}**     In reviewing a speedy trial ruling, "we defer to the district court's factual findings that are supported by substantial evidence, but we independently review the record to determine whether a defendant was denied his speedy trial right and we weigh and balance the [relevant] factors de novo." *State v. Flores*, 2015-NMCA-081, ¶ 4, 355 P.3d 81. "To the extent we review the district court's application of Rule 5-604, our review is de novo." *State v. Radler*, 2019-NMCA-052, ¶ 14, 448 P.3d 613.

**{6}**     As an initial matter, Defendant contends that the district court perceived the speedy trial claim to have been foreclosed by virtue of the fact that less than twelve months had elapsed. [BIC 8-10] As Defendant duly notes, in refiled concurrent jurisdiction cases such as this, speedy trial challenges may be raised at an earlier juncture. *See id.* ¶ 12 ("Regardless when a challenge may be brought in cases originating in district court, the language of the rule makes clear that for refiled concurrent jurisdiction cases, a defendant may assert the challenge whenever the district court fails to schedule a refiled case within the trial deadline that would have been applicable in the court of limited jurisdiction." (internal quotation marks and citation omitted)); *see also* Rule 5-604(B) (establishing no threshold relative to the timing of speedy trial motions in refiled concurrent jurisdiction cases). In view of this misapprehension of law, Defendant suggests that reversal is required. [BIC 8-10] However, the record reflects that the district court was well aware of the relevant legal

principles, duly considered Defendant's speedy trial claim, and rejected it on the merits. [RP 66-71] We further note that the matter was well-enough developed below that it is readily amenable to appellate review. *Cf. State v. Beachum*, 1972-NMCA-023, ¶ 8, 83 N.M. 526, 494 P.2d 188 (stating that this Court will affirm if the district court is right for any reason, as long as the opposing party had an opportunity to respond). *See generally Flores*, 2015-NMCA-081, ¶ 4 ("[W]e independently review the record to determine whether a defendant was denied his speedy trial right."). We will therefore proceed with the applicable analysis.

**{7}** Although Rule 5-604 provides a 182-day period within which cases are to be brought to trial in the magistrate courts, the New Mexico Supreme Court "abolished the so-called 'six-month-rule' as applied to [the] district courts in *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20." *State v. Cruz*, 2021-NMSC-015, ¶ 46, 486 P.3d 1. Accordingly, in refiled concurrent jurisdiction cases such as this, the "Rules of Criminal Procedure do not require a district court to dismiss . . . if the case is not brought to trial within six months." *Id.* Instead, a speedy trial analysis is undertaken in which the following factors are to be considered: (1) the complexity of the case; (2) the length of the delay; (3) the reasons for the delay; (4) whether the defendant asserted the right to a speedy trial or acquiesced to the delay; and (5) the extent of any prejudice from the delay. *See* Rule 5-604(B).

**{8}** With respect to the first factor, it appears to be undisputed that this is a simple case. [BIC 11; RP 70] *See, e.g.*, *Radler*, 2019-NMCA-052, ¶ 15 (noting agreement that an aggravated DWI case was simple).

**{9}** Relative to the second factor, Defendant was arrested on October 2, 2022, and the relevant district court proceedings were conducted on June 1, 2023, resulting in a total delay of eight months. This does not surpass the traditional presumptive prejudice benchmark. *See Flores*, 2015-NMCA-081, ¶ 5 ("A delay of trial of twelve months is presumptively prejudicial in simple cases."). Insofar as Defendant's trial date was set beyond the original six-month period, the delay is sufficient to require evaluation of the remaining speedy trial factors; however, because the length of the delay fell several months short of the twelve-month guideline, we conclude that this factor weighs against Defendant. *See Radler*, 2019-NMCA-052, ¶¶ 17-18 (arriving at a similar conclusion under analogous circumstances).

**{10}** The reasons for the delay must be divided into two periods: the approximately five month period when the case was pending in magistrate court, and the roughly three month period during which the case was pending in district court. *See id.* ¶ 19 (addressing a similar situation). The former period weighs slightly against the State. *See id.* (holding that where a case is only pending in magistrate court for a few months, the delay weighs only slightly against the state). Insofar as the case appears to have proceeded normally throughout the latter three month period, we conclude that it weighs neutrally. *See State v. Valencia*, 2010-NMCA-005, ¶ 18, 147 N.M. 432, 224 P.3d 659 ("[P]eriods of time considered 'inevitable' and periods during which the case is moved 'toward trial with customary promptness' are not to be weighed against the [s]tate."). In

sum, we conclude that this factor weights only slightly in Defendant's favor. *See, e.g.*, *Radler*, 2019-NMCA-052, ¶ 25 (arriving at a similar conclusion under analogous circumstances).

**{11}** With respect to the fourth factor, Defendant made two pro forma speedy trial demands, and moved to dismiss on the eve of the trial setting. [RP 7, 18, 35, 60] Under such circumstances, this factor weighs only slightly in the defendant's favor. *See, e.g.*, *id.* ¶ 20 (arriving at a similar conclusion under analogous circumstances).

**{12}** Finally, we must consider the prejudice associated with the delay. In this context, prejudice is "assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *State v. Ochoa*, 2017-NMSC-031, ¶ 48, 405 P.3d 505 (internal quotation marks and citation omitted). Those interests include prevention of oppressive pretrial incarceration, minimization of anxiety and concern of the accused, and limitation of the possibility that the defense will be impaired by delay. *Id.* Defendant was not incarcerated prior to trial, and he neither asserts that his defense was impaired nor claims undue anxiety and concern. Insofar as Defendant makes no claim of particularized prejudice, [BIC 13] this factor does not weigh in his favor. *See id.* ¶ 64 ("[The d]efendant bore the burden of showing particularized prejudice . . . the absence of such proof, this factor does not tip the scale in [the d]efendant's favor." (citation omitted)).

**{13}** To find a speedy trial violation without affirmative proof of particularized prejudice, the other factors must weigh heavily against the State. *State v. Garza*, 2009-NMSC-038, ¶ 39, 146 N.M. 499, 212 P.3d 387. "Because [the d]efendant failed to demonstrate particularized prejudice . . . we cannot conclude that [the d]efendant's right to a speedy trial was violated." *Id.* ¶ 40.

**CONCLUSION**

**{14}** For the foregoing reasons, we affirm.

**{15} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**